# Sartain *v.* Shepherd, Judge.

## *Mandamus.*

(Decided June 15, 1911. 55 South. 919.)

1. *Election; Contest; Registration List.*—While section 6806, Code 1907, makes it a misdemeanor to make a copy of the poll list, of any election, said section does no abrogate, but must be construed with section 458, which requires the probate judge to deliver to any party to an election contest a certified copy of such list.

2. *Same.*—The changes made in the election law from the Code of 1896, did not repeal section 458, and that statute by necessary implication gives the probate judge the right of access to such lists though they be in the custody of another officer.

3. *Same.*—Construing sections 415, 417, 420, 425 and 458, Code 1907, it is held that by necessary implication, the first poll list prepared by the election inspectors should be transmitted to the judge of probate who shall be the legal custodian of said lists.

4. *Pleading; Demurrer; Matters Not Appearing on the Face.*—Independent facts not appearing on the face of the pleading are not grounds for demurrer.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action for mandamus by Charles M. Sartain against James W. Shepherd, as judge of probate. From a judgment sustaining demurrers to the petition, petitioner appeals. Reversed, rendered, and remanded.

See, also, Infra 55 South. 922.

The contents of the petition sufficiently appear from the opinion. The demurrers, other than those appearing in the opinion, are as follows: (1) "Because this defendant cannot furnish a list of voters who voted in said election without opening the ballot boxes." (2) "Because this defendant cannot furnish said list without opening the sealed envelopes containing the said list." (3) "Because there is no authority in law for this defendant to furnish said list." (4) "Because an election

[Sartain v. Shepnerd, Judge.]

contest proceeding is strictly statutory, and does not provide for this defendant furnishing said lists." (5) "Because the law does not provide any compensation for furnishing said lists." (7) "Because it does not appear that it is reasonably necessary in the trial of this contested election case that said lists should be furnished to petitioner." (8) "Because said lists, if furnished, could not be used in evidence." (9) "Because said lists can only be used for the purpose of furnishing information to petitioner to enable him to search for evidence." (10) "Because the only effect of securing a copy of said lists would be to enable the petitioner to institute a fishing inquiry for evidence." (11) "Because this defendant is not authorized by law to tamper with the returns of said election, including the poll lists and ballots." (12) "Becuse it is the duty of this defendant to retain the poll lists in his possession in the condition in which they were delivered to him, and either to destroy them or to deliver them to some custodian of the court in which the contest proceeding is pending."

W. C. DAVIS, O. D. STREET, and R. A. COONER, for appellant. As a contesting claimant of the office it is the clear statutory right of appellant to have a certified copy of the poll list.—Section 458, Code 1907. The custody is in the sheriff, subject to requisition by the probate judge, unless by reading sections 415, 417, 420, 425 and 458, in pari materia, the probate judge is the legal custodian. The duty is a simple ministerial duty requiring no discretion, and hence, mandamus will lie.— 25 Cyc. 199, and 288; *Jackson v. Mobley,* 157 Ala. 411; *Phoenix Carpet Co. v. The State,* 118 Ala. 144; *Smith v. McCutcheon,* 146 Ala. 455; *Roney v. Simmons,* 97 Ala. 88.

BANKHEAD & BANKHEAD, for appellee.   There is no stautory or other duty upon the sheriff to furnish poll lists for an election which the law places in his custody. In fact, he is expressly prohibited by section 6806, Code 1907.   He cannot comply with the writ of mandamus without violating this criminal statute.

SOMERVILLE, J.—The petitioner, Charles M. Sartain, shows that at the general election held in November 1910, he and the respondent, James W. Shepherd, were opposing candidates for the office of probate judge of Walker county; said Shepherd being also the incumbent of that office, and being a candidate to succeed himself.   Petitioner further shows that at the appointed time the election supervisors of the county regularly declared that said Shepherd had been elected to said office, and that within twenty days after such declaration petitioner filed in the circuit court of Walker county his contest of said election, in accordance with the statutes regulating the same; that thereafter, on December 15, 1910, he made application to the said Shepherd then probate judge of Walker county, to deliver to him a cercertified copy of the poll lists of the several precincts of said county used at said election, offering then and there to pay the fees prescribed by law for copying and certifying said lists; and that said Shepherd then and there refused, and still refuses to furnish him with said lists. The petition, which is addressed to the judge of the circuit court of Walker county, prays for the issuance of an alternative writ of mandamus, or other proper remedial writ, to the said Shepherd, commanding him to conform to petitioner's said request, or show cause why he should not do so.   The respondent demurred to the petition, assigning numerous grounds, which will be found set out in the reporter's statement of the case.   This de-

[Sartain v. Shepherd, Judge.]

murrer was sustained by the trial court, and the petitioner declining to plead further a judgment was entered dismissing the petition. The action of the trial court in both of these particulars is here assigned as error.

1. Section 458, Code of 1907, is as follows: "It shall be the duty of the judge of probate of any county, upon the application of either party to any contest, or his agent or attorney, to deliver to the party, his agent or attorney, a certified copy of the registration lists and poll lists (one or both) of his county, or of any election precinct therein, upon the payment of his fees for certifying and copying the same at the rate of fifteen cents a hundred words written by him in making such copy; and such copies, duly certified, shall be received as presumptive evidence of the facts therein stated, the registration lists that the persons therein named were duly registered, and the poll lists that the persons therein named voted at the election and precinct therein named." It is obvious upon the most casual consideration that the language of this statute refutes every ground of demurrer assigned, except the sixth, thirteenth, and fourteenth. We shall therefore not undertake to discuss the other grounds, as to which, indeed, no vindication seems to be now attempted by counsel for appellee.

2. The sixth ground of demurrer is: "Because it is made a misdemeanor by section 6806 of the Code for any election officer or any other person to make a copy of the poll lists or any memoranda therefrom or list of the persons voting." The section here referred to appears for the first time in the Code of 1907, and reads thus: "Sec. 6806. Unlawful Use of Poll List.—Any election officer or any other person who makes a copy of the poll list or any memoranda therefrom, or list of the persons voting, the number of their ballots, or discloses the number of such voter's ballot, shall be guilty of a misdeameanor,

and, upon conviction, shall be fined not less than two hundred dollars." This ground is so patently bad as to scarcely justify any comment. Section 6806 of the Criminal Code is, of course, designed to prevent in general the making of copies of poll lists by any person, or for any use or occasion, not authorized by law; and it must be construed in connection with section 458, above quoted. Each has its appropriate field of action, and each is perfectly consistent with the other. Of course, if the probate judge should make or deliver such a copy otherwise than upon the application of one of the parties to an election contest, he would be liable to the penalty visited by section 6806; but that section is no obstacle to the petitioner in the present case.

3. The thirteenth ground of demurrer is, "because this defendant is not the custodian of the lists of voters who voted in said election." We interpret this objection as meaning that respondent is not the person appointed by law to receive and keep the poll lists, and therefore he need not discharge the duty enjoined upon him by section 458 of the Code, even though he may be the de facto custodian of such lists, or though, by reason of their accessibility to him, the discharge of that duty may be entirely practicable.

Conceding for the moment that the probate judge is not the legal or titular custodian of election poll lists, we can yet discover no good reason why he should not be obedient to the mandate of the statute to the extent at least that obedience lies within his power. If the lists be in his own hands, his duty is imperative and its discharge easy. If they be in the hands of the sheriff or any election supervisor, the statute by necessary implication arms the judge with the right of access and the power of caption, and it is his bounden duty to get the lists and obey the statute if it be physically and reason-

ably possible. That it is not reasonably possible to do so by reason of the loss, destruction, or inaccessibility of the lists would be a matter of defense to be presented by answer, and not by demurrer to the petition. The opposing argument is that section 458 is but an obsolete provision of the old law, nominally preserved by legislative inadvertence, but, in effect, repealed by certain provisions of the new election law as found in the new Code of 1907. This argument is unsound.

Section 1649, Code of 1896, required the election supervisors, after declaring the result of an election, to "file the poll lists and lists of registered voters in the office of the judge of probate, which shall be open to the inspection of any elector of the county." These lists thus became, after the election, public records accessible to any voter of the county. Under the new law, section 354, Code of 1907, requires that "each ballot shall be numbered by one of the inspectors to correspond to the number of the voter voting the same, on the poll list." Section 1649, Code of 1896, above quoted, is amended so as to exclude poll lists, becoming, as amended, section 425, Code of 1907, and section 6806, Code 1907, makes it a misedmeanor for any election officer or other person to make any copy or memoranda of the poll list, or any revelations with respect thereto. The legislative purpose is here perfectly plain. The new system of numbering the ballots is intended to furnish a means for the discovery of frauds and irregularities in election, but evidently to be used only in a legally instituted contest thereof. And since numbered ballots may in connection with correspondingly numbered poll lists result by misuse in destroying the secrecy of the ballot, which it is the policy of the law to carefully guard, these poll lists could no longer properly become public rec-

ords, and a penal statute was necessary to protect them from unauthorized publication.

But in all of this there is nothing inconsistent with the preservation of the poll lists, and their subjection under statutory authority to the service of truth and justice, nor does there seem to be any good reason for their permanent immolation or ultimate destruction, in view of the early destruction by the sheriff of the numbered ballots themselves. In fact, as there is no provision of law for the destruction of poll lists, as there expressly is for the destruction of ballots in the absence of a contest, we would infer, even without reference to section 458, that they are not intended to be destroyed, and hence of necessity are intended to be preserved. And the only legislative inadvertence apparent to our minds is in the failure to counterbalance the amendment of section 1649, Code of 1896, by a new express provision for the preservation of the poll lists by the probate judge without publication, and subject only to the use authorized by section 458, Code of 1907.

4. In what we have said above we have tentatively conceded that probate judges are not appointed by law to be the legal custodians of election poll lists. We now recur to this question. By section 415, Code of 1907, the election inspectors are required to ascertain and certify the vote of each candidate, and to place their identifying certificate on one of the poll lists made by them, which, thus certified, must be sealed up in a box together with a list of the registered voters in such precinct. This box is directed to the sheriff of the county, to whom it is transmitted by the returning officer of the precinct. Under section 416 the inspectors are required, after counting the ballots, to roll up, label, and securely seal them, and then place them together with a sealed poll list, in the box from which they were counted, and de-

[Sartain v. Shepherd, Judge.]

liver the box to the returning officer, who must deliver them to the sheriff. It thus appears that two poll lists go into the hands of the sheriff in these separate boxes; and, other than by section 458, they are not again specifically referred to by any statute. But unquestionably one set of lists pass temporarily into the hands of the county board of supervisors who are constituted and required to canvass the precinct returns by section 420. This board is required by section 425 to file in the office of the probate judge the lists of registered voters, which accompanied the returns and poll lists; and the sheriff is required by section 417 to keep the ballots for six months, and then, if not notified of a contest, to destroy them. In neither case is any allusion made to the poll lists. It seems most reasonable, therefore, that the sheriff is and remains the custodian of the poll lists which accompany the ballots; and it seems clear that he has no authority to destroy them, at least during the period within which he is enjoined to preserve the ballots.

What shall become of the other set of poll lists, which are sealed up with the election returns and the lists of registered voters? No officer or other person is expressly required to take or keep or care for them; and no officer, except the probate judge, has any duty with respect to them. We cannot assume that these lists, so carefully certified, sealed, and returned, were intended to have no responsible keeper merely because in the exigencies of statutory renovation express provision therefor was omitted. Looking, therefore, to the important duty enjoined upon the probate judge by section 458 of the Code, a duty which seems to assume, if it does not actually require, that the custody of these lists shall be in him, we feel no hesitancy in holding that that section by necessary implication makes of him the legal custodian of the lists; and authorizes and requires him to se-

[Sartain v. Shepherd, Judge.]

cure them when they are removed from the sealed box by the canvassing board when they canvass the returns, to the end that they may not be lost or destroyed, and that he may, most promptly and conveniently, meet and discharge his statutory duty in the premises.

There are no real difficulties in the way, and it is our clear duty to give effect to section 458 by every reasonable intendment and implication, rather than to declare it abortive upon the consideration urged by the appellee, considerations which we cannot but regard as both fastidious and unsubstantial.

5. The fourteenth ground of demurrer sets up an independent fact, viz., that respondent "is unable to comply with said petition because he has not in his possession a copy of the lists of voters who voted in said election." It is, of course, bad as a demurrer, and, as we have seen above, is not per se a sufficient defense to avoid the duty imposed by the statute.

It results that the demurrer to the petition was improperly sustained, and the judgment of dismissal erroneous. The judgment is therefore reversed, and one will be here entered overruling the respondent's demurrer, and remanding the cause for further proceedings in accordance with the foregoing opinion.

Reversed, rendered, and remanded.

SIMPSON, ANDERSON, and SAYRE, JJ., concur.