# Sartain *v.* Gray, Sheriff.

## *Manadmus.*

(Decided June 15, 1911. 55 South. 922.)

*Mandamus; Eelection; Contest; Poll List; Duty of Sheriff.*—Although the sheriff had custody of the poll list, he is not required to furnish a copy thereof except on the requisition of the judge of probate (section 458, Code 1907,) and as section 6806, Code 1907, makes it a misdemeanor for anyone to furnish such a list, the sheriff cannot be compelled by mandamus to furnish a poll list for one contesting an election.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Mandamus by Charles M. Sartain against John M. Gray, sheriff of Walker county, to require him to furnish poll lists of a certain election, which was being contested. From a judgment denying petition, petitioner appeals. Affirmed.

W. C. DAVIS, O. D. STREET, and R. A. COONER, for appellant. As a contesting claimant of the office it is the clear statutory right of appellant to have a certified copy of the poll list.—Section 458, Code 1907. The custody is in the sheriff, subject to requisition by the probate judge, unless by reading sections 415, 417, 420, 425 and 458, in pari materia, the probate judge is the legal custodian. The duty is a simple ministerial duty requiring no discretion, and hence, mandamus will lie.—26 Cyc. 199, and 288; *Jackson v. Mobley,* 157 Ala. 411; *Phoenix Carpet Co. v. The State,* 118 Ala. 144; *Smith v. McCutcheon,* 146 Ala. 455; *Roney v. Simmons,* 97 Ala. 88.

BANKHEAD & BANKHEAD, for appellee. There is no statutory or other duty upon the sheriff to furnish poll

[Sartain v. Gray, Sheriff.]

lists of an election which the law places in his custody. In fact, he is expressly prohibited by section 6806, Code 1907. He cannot comply with the writ of mandamus without violating this criminal statute.

SOMERVILLE, J.—This is a companion case with that of *Charles M. Sartain v. James W. Shepherd, infra,* 55 South. 919, both being submitted and argued together.

In this case the petition for mandamus is directed against the sheriff of Walker county, while in the other it was directed against the probate judge; the object in each case being to compel the respondent to deliver to the petitioner a certified copy of the election poll lists of the several precincts of the county. The allegations of the petition, the rights of the petitioner, and the duties of probate judge and sheriff with respect to poll lists are stated and discussed in the opinion filed in *Sartain v. Shepherd, supra,* to which we need only add here that, not only is the sheriff not authorized or required to furnish such a copy, but, except upon the requisition of the probate judge under section 458, he is by penal statute expressly forbidden to do so. Section 6806, Code 1907.

The demurrer to the petition was properly sustained, and the judgment dismissing the petition must be affirmed.

Affirmed.

SIMPSON, ANDERSON and SAYRE, JJ., concur.