(122 So. 458)

**STILES, Judge, v. ENDSLEY.** (6 Div. 279.)

Supreme Court of Alabama. May 16, 1929.

Huey & Welch and W. G. Stone, all of Bessemer, Esslinger & Pratt, of Fairfield, and W. Marvin Woodall, of Birmingham, for appellant.

Ross, Bumgardner, Ross & Ross, of Bessemer, and J. Ellis Brown, of Birmingham, for appellee.

GARDNER, J.  Appellee is contestant in a pending cause for the office of mayor of the municipality of Fairfield and filed this petition for mandamus against the judge of probate of Jefferson county to require respondent to furnish him for use in said contest a certified copy of the poll and registration lists used in connection with said municipal election. Like relief was sought in a separate proceeding against the city clerk, and the action of the trial court in denying the same has been here affirmed in the companion case of Endsley v. Culpepper, Clerk, ante, p. 349, 122 So. 457, this day decided.

That decision was rested upon the prin-

[1] Post, p. 350.

ciple that when official action is sought to be compelled, the legal authority of defendant to act is essential to petitioner's clear specific legal right to have the act performed, and that as no statute required or authorized such certificate by the city clerk, relief was properly denied.

The case of Sartain v. Gray, 173 Ala. 472, 55 So. 922, was cited as persuasive of this result. As we gather from brief of counsel, the ruling of the court below granting relief in the instant case was rested upon the provisions of section 548 .of the Code of 1923, and the case of Sartain v. Shepherd, 173 Ala. 474, 55 So. 919, construing the same as section 458, Code of 1907. But Sartain v. Shepherd dealt with a contest of a county office, as to which the provisions of the Code section, above noted, were directly applicable, and in such a case the probate judge was held to be the legal custodian of such lists, as disclosed by the following quotation from the opinion: "Looking, therefore, to the important duty enjoined upon the probate judge by section 458 of the Code, a duty which seems to assume, if it does not actually require, that the custody of these lists shall be in him, we feel no hesitancy in holding that that section by necessary implication makes of him the legal custodian of the lists; and authorizes and requires him to secure them when they are removed from the sealed box by the canvassing board when they canvass the returns."

But these observations are not applicable as to municipal elections, provisions for which appear in sections 1880–1887, Code of 1923. By these provisions it is the mayor who supplies the registration lists applicable to such city election, furnishes a copy thereof to the inspectors, and files a copy with the city clerk where it shall remain of record. Under section 1880 of the present Code the council appoints the election officers and may direct one or more polling places in each ward. The mayor and clerk provide for the opening of the polls and the notice by publication to be given. But to more clearly note the important duties resting upon the mayor in such elections, it may be well to set out section 1881 of the Code, which is as follows: "The mayor of the city or town shall cause to be made duplicate copies of so much of the registration list of the county in which city or town, or any part thereof, is located, as may embrace the registered and qualified voters who reside within the corporate limits of such city or town; in cities, dividing the same into separate alphabetical lists of the registered voters of each ward. He shall have compared such copies with the original registration lists and correct the same so that they shall be accurate, and shall certify on each that it is a correct list of the registered voters. for the town or ward to which it appertains. He shall have full access to all registration lists of the county for this purpose. One of each of said duplicates shall be filed with the clerk of the city or town, where it shall remain as a record of his office, and on or before 'the day of election, and before the opening of the polls, he shall furnish the inspectors for the respective wards or polling places with a copy of the lists of the registered voters of the ward or town for which such inspectors were appointed."

It therefore appears that the mayor not only prepares the lists of qualified voters within the incorporate limits of the municipality, but is required to certify the same and file one copy thereof with the city clerk in whose custody it shall remain as a part of his records, and under the provisions of section 1882 the clerk is the custodian of the boxes containing the poll lists.

It is to be observed that petitioner in the instant case demanded of the probate judge a certified copy of the registration and poll lists used in the municipal election of Fairfield, as to which the duties of the probate judge did not extend, and with the preparation of which he took no part and had no concern, and of which he is not the legal custodian.

Under such circumstances it would appear unreasonable that the Legislature should have intended to require a certified copy of such lists by the probate judge and provide that the same "shall be received as presumptive evidence of the facts therein stated," in accordance with the language of section 548. It may be considered of some significance also that this section is embraced in that part of the Code which deals with elections and contests thereof of state and county officers only, and the reference to contest as to municipal elections is in general terms only under section 1884 of the Code, wherein it is provided such contest may be had upon the "same grounds and in the same manner provided for contesting elections for judge of probate, so far as applicable."

Our attention is directed to section 403, Code of 1923, wherein the chairman of the board of registrars in a county the population of Jefferson performs the duties, and has the authority of the probate judge as set out in article 3 of chapter 19, which includes making correct alphabetical lists of registered voters and the correction of the same, and certificates to the secretary of state.

While a consideration of these provisions may add some force to the reasoning here applied, yet as our conclusion rests upon the general observations above noted, and without reference thereto, further consideration is unnecessary.

Counsel for appellant indulge some criticism of the case of Sartain v. Shepherd, supra, to the effect that the court "judicially legislated" in the decision rendered, but we think the criticism unfounded. There the court was dealing with an official who was the legal custodian of the lists, and the con-

352

clusion reached but enforced the plain mandate of the statute in a case clearly applicable.

In the instant case quite the contrary is presented, as the judge had no duties to perform as to the lists used in the municipal election, and is not the legal custodian thereof. We therefore conclude that section 548 of the Code cannot logically and reasonably be extended to embrace municipal elections, and that such was not the legislative intent.

The omission to make provision for such certified copy with like evidential effect in this character of contest as is provided in contests for state and county offices under section 548, presents a hiatus in our statutes on this subject which doubtless the lawmaking body will promptly remedy.

Nor are we unmindful that a result is unfortunate which apparently works an unjust discrimination in consideration of a statute intended for the service of truth and justice. But the courts are organized to administer and properly construe the law, and not from their own notions of what should be done, to supply deficiencies in legislation. The correction of such deficiencies is the function of the legislative department of the government. We are constrained to construe section 548 as inapplicable to contests of this character, and that no duty or authority to act in the premises rests upon the probate judge.

Counsel for appellee in brief have treated the case as involving only the question of the right to a copy of "a list of the voters who participated in the general municipal election held in the city of Fairfield." In the companion case of Endsley v. Culpepper, 122 So. 457,[1] this day decided, we have expressed our view as to appellant's right to a copy of the registration list prepared by the mayor, and no further discussion thereof is here necessary.

The rulings of the trial court were not in accord with the views herein expressed. The judgment will accordingly be here reversed and the petition dismissed.

Reversed and rendered.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.