(122 So. 457)

### ENDSLEY v. CULPEPPER, Clerk.
#### (6 Div. 280.)

Supreme Court of Alabama. May 16, 1929.

See, also, post, p. 350, 122 So. 458.

J. Ellis Brown, of Birmingham, and Ross, Bumgardner, Ross & Ross, of Bessemer, for appellant.

Huey & Welch and W. G. Stone, all of Bessemer, W. M. Woodall, of Birmingham, and Esslinger & Pratt, of Fairfield, for appellee.

GARDNER, J. Appellant, as an unsuccessful candidate for mayor of Fairfield, instituted a contest of the election for said office, and demanded of the city clerk a certified copy of the poll and registration lists used in said election, which demand was refused. Petition for mandamus was then filed against the clerk, and this appeal seeks to review the ruling of the court sustaining demurrer thereto.

We find no provision of the law requiring the city clerk to furnish such certified lists as demanded. The statute dealing with municipal elections (sections 1880–1887, Code of 1923) imposes no such duty, and section 3924, Code of 1923, punishes as a misdemeanor any person who without authority of law "makes a copy of the poll list."

The case of Sartain v. Shepherd, 173 Ala. 474, 55 So. 919, rests upon the express provisions of section 458, Code of 1907 (section 548, Code of 1923), imposing the duty, in election contests of the character there considered, upon the probate judge to furnish such lists. In the companion case of Sartain v. Gray, 173 Ala. 472, 55 So. 922, mandamus against the sheriff seeking like relief was denied upon the ground he was "not authorized or required to furnish such a copy," and reference was made to the penal statute, noted above.

In Lewis v. Jenkins, 215 Ala. 680, 112 So. 205, is the following language here applicable: "Where the purpose of the proceeding is to compel official action, the legal authority of the defendant to act is essential to the petitioner's 'clear specific legal right' to have the act performed, and this is a conclusion of law that must arise from the facts averred in the petition. If the authority of the defendant * * * to do the act is not clearly shown, or is left in doubt by the averments, an appropriate demurrer thereto should be sustained."

In the instant case the authority of the clerk to issue the certified copies requested is not shown. We entertain the view that the case of Sartain v. Gray, supra, is conclusive of this appeal, adversely to appellant.

██ The brief of counsel for appellant in stating the case refers to the proceeding as one to require the clerk to furnish "a certified copy of the poll list used in connection with the general municipal election held in and for the city of Fairfield," and in the foregoing discussion we have so treated the same. In the companion case of Stiles, Judge, etc., v. Endsley, 122 So. 458,[1] this day decided, attention is directed to section 1881, Code of 1923, wherein the duty is placed upon the mayor of preparing a list of registered and qualified voters of the city, a copy of which is filed with the city clerk "where it shall remain as a record of his office." Our discussion thereof does not embrace this registration list so filed with the clerk, and we entertain the view that as a paper on file and required to be kept as a part of the records of the office, the duty would rest upon the clerk to furnish a certified copy thereof upon payment of proper charges therefor under the general provisions of section 7681, Code of 1923. But this has no reference to the poll list used in said election, as to which the criminal statute above referred to has application, and the case of Sartain v. Gray, supra, controlling.

Appellant would not therefore have the right to join, with a request for the registration list referred to, a demand also for the poll list used in said election to which he was not entitled.

We assume from brief of counsel that the object of the proceeding was to secure a certified copy of the poll list, and no reference is made to the general statute above noted or any right to secure a copy of the registration list thereunder. We have thought it advisable, however, to thus make the distinction and direct attention thereto in view of the language of the petition and prayer.

Our conclusion is that the demurrer was properly sustained.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

