(134 So. 129)

## BUTLER v. BUTLER.
### 8 Div. 270.

Supreme Court of Alabama.
April 23, 1931.

Bradshaw & Barnett, of Florence, for appellant.

W. H. Mitchell, of Florence, for appellee.

GARDNER, J.

The petition by the wife against the husband is for the custody of three children, ages 9, 7, and 4. Its averments are in conformity with the provisions of section 8278, Code of 1923, in cases of voluntary separation of husband and wife, and the demurrer was properly overruled. The proof also brings the case within the statute by showing a voluntary separation.

The parties live in the country where the husband's parents had raised their family, some twenty-two miles from Florence, and have so resided for several years. His unmarried sisters reside in the same house with petitioner, her husband, and three children. They rent a house in Florence where one or more of the sisters stay much of the year, particularly when school is in session. The sisters disliked petitioner, and their feelings in that regard were evidently ill-concealed, all of which was confessedly known to the husband. The wife was thus placed in unpleasant surroundings and rendered unhappy, a situation somewhat akin to that shown in Spafford v. Spafford, 199 Ala. 300, 74 So. 354, L. R. A. 1917D, 773, where the duty of the husband under such circumstances is discussed. His excuse was that he could do no better, unable to otherwise earn a livelihood on account of being somewhat crippled, though we are not impressed that the unhappy condition of his wife moved him to any undue effort to better her condition or provide a separate shelter for her and his children on the farm or elsewhere.

His voluntary separation is made to appear when he failed or refused, as had long been the custom, to go by for his wife while in Florence to bring her home as she waited for him at her aunt's home, and his failure to communicate with her, but treated her with silent indifference.

This was in March, 1930. Petitioner accepted the situation as thus so plainly indicated and chose to stay with her aunt, who had practically supported and cared for her before her marriage, rather than return. The separation is voluntary on the part of both, and within the statute. Anonymous, 206 Ala. 295, 89 So. 462.

The sisters have unquestionably done much for the children in the way of support and assisting in their education, and their devotion to them is unquestioned. The moral surroundings are good, and they are well cared for. Petitioner lives now with her aunt,.who loves her devotedly, has a good home and some income, and is willing to help with the children. There also the moral surroundings are good. But the husband's attitude, and it seems also that of the sisters, ignores entirely the rights of the mother, against whose moral character not a word has been uttered. The older children, the boy 9 and the girl 7, are in school, staying with the sisters in Florence during the school period. The younger child is a girl 4 years of age, and the chancellor's decree awarded the custody of this little girl to the mother, and from this decree the defendant appeals.

■■ The children testified in the case, and expressed a preference to live with their father. The welfare of the child is the question of paramount importance (McLellan v. McLellan, 221 Ala. 363, 129 So. 1; Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580; Thomas v. Thomas, 212 Ala. 85, 101 So. 738, 739), and the trial court concluded that for the older children it was doubtless for their benefit to continue, as heretofore, under existing conditions. As to the child of 4, the chancellor evidently considered its age and sex (a girl 4 years of age), and had in mind no doubt the language of this court in the Thomas Case, supra: "Mothering of a young child is one of its rights. None but the real mother can meet this high duty in full measure." See, also, Hawkins v. Hawkins, 219 Ala. 31, 121 So. 92; Stoddard v. Bruner, 217 Ala. 207, 115 So. 252.

In the light of the facts here presented, these authorities fully demonstrate the correctness of the decree awarding the younger girl to the mother.

■ Petitioner enters cross-assignments of error and seeks a modification of the decree that she may be awarded also the other children, to which we have likewise given due consideration. Petitioner is without means and dependent upon her labor and the voluntary assistance of another in the support of herself and child, all of which had its influence in the conclusion reached. The two older children are evidently satisfied where they are and are well cared for. Their separation from their mother appeals to the human sympathy, but cases of this character always have a note of sadness, and the practical side cannot be ignored. All matters considered, we are persuaded the learned chancellor has made the best of an unfortunate situation,

and we conclude the decree should in all respects be here affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.