97 So.2d 897

**B. A. McGRAW**

v.

**Sallie McGRAW.**

6 Div. 170.

Supreme Court of Alabama.

Oct. 31, 1957.

Roger F. Rice, Birmingham, for appellant.

Chester Austin, Birmingham, for appellee.

PER CURIAM.

This is an appeal by respondent from a decree of the circuit court, in equity, overruling a demurrer to the bill of complaint in a divorce suit.

The bill alleges grounds for a divorce, and in addition that the complainant is the mother of a nine year old boy, born of said marriage; and she seeks not only a divorce but also the custody of said child. The bill further alleges that the child is now in the custody of respondent's mother. It does not allege that the child is within the jurisdiction of the court or that he resides in the State; nor does it allege the occasion whereby respondent's mother acquired the custody of the child.

The demurrer contains various grounds going to the sufficiency of the allegations of the bill to the extent that it seeks a divorce, and also the ground that the bill affirmatively shows that respondent does not have the custody of said child, and that the court is without jurisdiction as to its custody. The demurrer was addressed to the bill as a whole. It was not addressed to that aspect which sought an award of the custody of the child. The decree simply overruled the demurrer to the bill, and allowed twenty days for an answer to be filed.

Under those circumstances if the bill is sufficient in any aspect it is not subject to the demurrer interposed. Badham v. John-

ston, 239 Ala. 48, 193 So. 420; 8 Ala.Dig., Equity, ⬩232.

The appellant does not question the sufficiency of the bill on this appeal in any respect except as to the custody of the child. Therefore, that is the only question subject to review. And since appellant makes no contention that the bill is subject to demurrer insofar as it seeks a divorce it follows, according to our decisions, that the demurrer was properly overruled without regard to its sufficiency respecting the custody of said minor child.

We may add however that a court of equity having jurisdiction to render a decree of divorce on a bill asserting a statutory ground, has statutory jurisdiction to award the custody of a child of the parties. The statute on that subject is Title 34, section 35, Code of 1940. It does not make the power of the court to award the custody of the child in a divorce suit dependent upon the residence of the child. Such statutes seem generally to have been given that effect. Minick v. Minick, 111 Fla. 469(21), 149 So. 483. See, also, Long v. Long, 239 Ala. 156, 194 So. 190; Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399: Cf. 27 C.J.S. Divorce § 303, pages 1163–1164.

It is not unusual for a court of equity in this State having acquired jurisdiction of both parties in respect to a controversy over property situated in another state to proceed to decree some form of relief and force the parties who are under its jurisdiction to comply with its orders. Hall v. Milligan, 221 Ala. 233, 128 So. 438, 69 A.L.R. 618; Horst v. Barret, 213 Ala. 173, 104 So. 530; Allen v. Buchanan, 97 Ala. 399, 11 So. 777.

The above stated theory was mentioned with reference to the custody of children in Rickman v. Rickman, Ala., 96 So.2d 674, and in Ex parte Bates, 247 Ala. 391, 24 So.2d 421, quoting an excerpt from Webb v. Ritter, 60 W.Va. 193, 234, 54 S.E. 484, which is not directly in point in those cases. But we prefer to rest the present decision on our statute, supra.

The decree of the trial court overruling the demurrer to the bill of complaint should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and COLEMAN, JJ., concur.