157 So.2d 212

**O'Neal PARKS**

v.

**Annie Lucille Ledbetter PARKS.**

8 Div. 143.

Supreme Court of Alabama.

Oct. 31, 1963.

J. S. Stone, Guntersville, for appellant.

Clinton E. Moore, Guntersville, for appellees.

HARWOOD, Justice.

This is an appeal from a judgment and decree entered by the lower court in a child custody proceeding.

The petitioner below is O'Neal Parks, the father of the two children, Mary Joan Parks and Jan Parks, sixteen and nine years of age respectively. The respondents below were Annie Lucille Ledbetter Parks, the mother of the children, and Mrs. Viola Ledbetter, the grandmother of the children.

The record shows that Annie Lucille Ledbetter Parks obtained a divorce from O'Neal Parks on 2 March 1957, and that the two children who are now the subject of this litigation, were awarded to Annie Lucille Ledbetter Parks, and O'Neal Parks was ordered to pay $100 per month for their support.

Immediately following the divorce Annie Lucille Ledbetter Parks and the children moved into the home of her mother, Viola Ledbetter, and have lived there since that time.

The record shows that Annie Lucille Ledbetter Parks, the mother became mentally ill and on 24 April 1963, was committed by order of the Probate Court of Marshall County to Bryce Hospital at Tuscaloosa, Alabama. She was in that institution at the time of the hearing below, although the staff physician at Bryce Hospital testified by deposition that in his opinion she would probably be released within a few months. The children have continued to reside with the grandmother.

The evidence shows that the petitioner, O'Neal Parks, remarried in May 1957. He is employed as a welder and in the preceding year his income had been around $8000. He owns a large frame house in Birmingham where he and his second wife and mother-in-law reside. The house is in a neighborhood close to churches and schools.

Annie Lucille Ledbetter Parks was legally served, and the court appointed a guardian ad litem to represent her in the proceedings. The guardian ad litem filed his answer denying all the allegations of the petition, and subsequently by agreement, filed an answer on behalf of the grandmother, Mrs. Viola Ledbetter.

The evidence shows that Mrs. Viola Ledbetter has a life interest in the home in which she resides. This home is in Grant, a rural community in Marshall County. The home is apparently a modest one, but witnesses for the respondents below testified that it was comfortable and sufficient. There are twenty-seven acres in the homesite but except for a garden the land is not cultivated.

Mrs. Viola Ledbetter is 65 years of age. She does not own an automobile nor is there a telephone in the home. There are two neighboring homes within about a block from where she lives, and when necessary, she uses the telephone in one of these neighboring houses.

Mrs. Ledbetter draws an old age pension of $75.00 per month, and this with the support payments of $100.00 per month, constitute substantially the income of the family.

It was after the commitment of Annie Lucille Ledbetter Parks to Bryce Hospital that the petitioner sought to have the full custody of the children awarded to him.

This case is unusual in that there seems to be no animosity between the parties. In fact, Mrs. Ledbetter apparently holds O'Neal Parks in high respect, and O'Neal Parks reciprocates in his attitude towards

Mrs. Ledbetter. He in no wise questions her fitness nor past care of the children.

Neighbors and teachers have testified that the children are neatly dressed, apparently well fed, well adjusted and happy.

At the conclusion of the hearing the court entered an order whereby the custody of the children was continued in Mrs. Ledbetter, with the right to have the children visit the father during any weekend when school is not in session, during the school vacations and holidays, and the father to have the custody of the children during the full summer vacation of school.

Both the father and Mrs. Ledbetter were given visitation privileges at all times when the children were not in their respective custody.

The evidence discloses that in the past there has been full cooperation between Mrs. Ledbetter and Mr. Parks as to the visitation of the children, and as to permitting the children to visit Mr. Parks in Birmingham. There is no reason to contemplate that this relationship will not continue.

The court also noted that its order was entered upon consideration of competent evidence and the desires of the children as expressed to the court in chambers.

■ While it is true that prima facie a parent is entitled to the custody of a minor child (Barnett v. Harvell, 257 Ala. 600, 60 So.2d 435), the paramount consideration in child custody cases is the welfare of the child and all other rules pertaining to child custody are subservient to this main principle.

■ While an element of consideration, the financial condition of the contending parties is not controlling. Cordell v. Cordell, 233 Ala. 114, 170 So. 218.

■ Where a child is of sufficient age to exercise an intelligent judgment, its preference as to whom it desires to live with should be given weight and consideration. Woodruff v. Conley, 50 Ala. 304; Butler v. Butler, 222 Ala. 684, 134 So. 129.

■ Further, ties of affection springing from years of association of a child with its custodian, particularly if the custodian be a relative, cannot but be given regard in determining the welfare of the child.

■ In the present case, one of the children was sixteen years of age. Clearly, her wishes as to continuing to live with her grandmother who has shared her custody for some five years, must be accorded due worth. The other child, age nine, was also of sufficient age to call for a consideration of her wishes. Butler v. Butler, supra. Even if the younger child's wishes be not accorded too much weight, those of the sixteen year old child should be. The court expressed its reluctance to separate the children.

■ True, a decision in this case is not without difficulty. The testimony below was largely ore tenus. The custody of a child, in light of what is best for the welfare of the child, is usually a difficult and delicate matter. The grandmother, Mrs. Ledbetter, in her humble home appears to have done a creditable undertaking in caring for and guiding her two grandchildren during the five years or more they have lived at her home. By its order the court has continued this custody for nine months of the year while the father has been awarded the children during the summer vacation months and all other vacation periods.

Under the facts of this case, and the legal principles appertaining, we feel that we would be unjustified in disturbing the court's conclusions in the premises.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.