169 So.2d 19

Thomas W. TRAWICK

v.

PARGO, INCORPORATED et al.

I Div. 201.

Supreme Court of Alabama.

Nov. 19, 1964.

Wilters & Brantley, Bay Minette, for appellant.

J. B. Blackburn, Bay Minette, for appellees.

PER CURIAM.

This is an appeal by plaintiff in the court below from a judgment rendered by the circuit court of Baldwin County, in favor of defendants, Pargo, Incorporated, a corporation, and Joseph B. Burch, III. The

judgment was based on a jury's verdict directed for defendants by the trial judge, because the plaintiff failed to adduce any evidence to sustain his allegation of negligence.

The complaint was amended by striking Lake Forest, Incorporated, against whom count two, as amended, was directed. When this defendant was stricken count two was in effect stricken, leaving only count one, as amended, for consideration.

Plaintiff in count one sought damages for personal injuries he received when an electric golf cart he had co-rented and was occupying with another co-renter overturned while in motion on the golf course at Lake Forest Country Club. The plaintiff alleged that defendants (appellees) negligently rented said cart to plaintiff with the brakes thereon in a defective and dangerous condition, and as a proximate consequence of said negligence he suffered certain personal injuries that were catalogued in the complaint.

■ Several assignments of error appear in the record, but only one is insisted on. This assignment charges error on the part of the court in directing the jury (without hypothesis) to return a verdict for the defendants. We have consistently held that assignments of error not sufficiently argued are waived. McGehee v. Frost, 268 Ala. 23, 24, 104 So.2d 905(1).

We are impelled to pretermit consideration of the one assignment referred to in appellant's brief because, first, appellant failed to observe the mandate of subsection (b) of Rule 9, Revised Rules of the Supreme Court, effective June 1, 1955, 261 Ala. XIX, XXII, which requires " * * * a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so to fully present the substance of the testimony of the witness clearly and concisely; * * *." This recital must appear in the brief under the heading "Statement of the Facts."

Appellant's brief fails to comply with the above mandate of the court. The record before us contains 65 transcript pages of testimony by several witnesses, which is omissively condensed into slightly more than three letter size pages forming a part of appellant's brief. The central theme of the purported narration hovers closely, but not exclusively, to what happened just before and after the accident, and directed to the finding, after the accident, of bent brake rods, which appellant contends were sufficient to make a jury question of his allegation of negligently furnishing a cart with faulty brakes.

■ We are further impelled to state that appellant's contention in his brief that the discovery of bent brake rods after the accident was sufficient to present a jury question of negligence is more of a conclusion than a helpful argument. No cases or points of law were cited which support this contention. We are aware that the scintilla rule prevails in this state. Patterson v. Seibenhener, 273 Ala. 204, 137 So.2d 758 (2–4), but whether the bent brake rods discovered after the accident are sufficient to invoke the scintilla rule is not sufficiently argued to meet the requirement of Rule 9, supra.

We think the enforcement of Rule 9, supra, should be observed to promote the efficient disposition of appeals to this court. We regretfully apply the rule.

The judgment of the trial court is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.