181 So.2d 900

Wardner R. KEWISH

v.

Lucian L. BROTHERS et al.

6 Div. 223.

Supreme Court of Alabama.

Jan. 6, 1966.

Beddow, Embry & Beddow, Birmingham, for appellant.

Parsons, Wheeler & Rose, Birmingham, for appellees.

MERRILL, Justice.

Appellant, the father of an eight year old child, was granted custody of his daughter in a decree rendered on January 12, 1965, but he appeals from that part of the decree which grants visitation rights to appellees, the maternal grandparents of his daughter.

Appellant and the mother of the child were divorced in July, 1958, and custody of the child, then about one year old, was awarded to the mother. The mother worked and the little girl spent most of her time in the home of her maternal grandparents, Lucian L. and Alma Brothers. The mother died in December, 1964.

Appellant, who had remarried in 1960, went to the Brothers' home and asked for the custody of his daughter but was told he could not have her unless he would sign a statement or give his word that he would bring her back. He refused and shortly thereafter filed a petition for writ of habeas corpus. At that hearing, the court decreed, in part, as follows:

"Upon consideration of the pleadings and evidence, the Court is of the opinion that looking solely to the best interest and welfare of the minor child herein, the following order should be made. It is accordingly ORDERED, ADJUDGED and DECREED:

"1. That the care, custody and control of the said minor child, Carol Ann Kewish, is awarded to the father-petitioner.

"2. That the right of reasonable visitation of the maternal grandparents with Carol Ann at her domicile, and the right to have Carol Ann visit with them at their domicile is reserved to them; this shall include the right of visitation by Carol Ann in their home each alternating week-end from 5:00 p. m. Friday to a like hour the following Sunday."

It is from item 2 that the father appeals.

On March 9, 1965, the appellees filed a petition for rule nisi, stating that appellant refused to let the child visit with them and asked that he be held in contempt for violating the decree of January 12, 1965.

At that hearing, the court spelled out the visitation rights of appellees with the child (thirty minutes on alternate Thursday afternoons after the dismissal of school, not here contested,) but reaffirmed the rights of appellees to have the child visit them on alternating weekends for two days, and dismissed the contempt charge. This order was filed on March 31 and the appeal was taken on May 26, 1965.

The one assignment of error argued in brief charges that the court erred in including paragraph 2, quoted supra, in the decree.

We think one paragraph in appellant's brief will help to put this matter in proper perspective. "The child exhibited love and affection for Mr. Kewish and his present wife and also exhibited love and affection for Lucian Brothers and Alma Brothers, all of whom were shown to be people of good character and religious people and were regular church attendants, and all of whom were shown to have affection for the child and able financially to support her."

In Parks v. Parks, 275 Ala. 613, 157 So.2d 212, we affirmed a decree dividing custody of two children between their grandmother for nine months and their father for three months and said that "ties of affection springing from years of association of a child with its custodian, particularly if the custodian be a relative, cannot but be given regard in determining the welfare of the child."

The matter of visitation in custody cases is always subject to the control of the trial judge to be disposed of as he may direct and as occasion arises. White v. White, 247 Ala. 405, 24 So.2d 763.

Much discretion is left with the trial court in the settlement of visitation rights and lengths of custody in each parent when that custody is divided between the parents. Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772. The same rule applies when the question is between a parent and a grandparent, Parks v. Parks, 275 Ala. 613, 157 So.2d 212.

Each case of this kind must be decided on its own peculiar facts and the personalities involved. The personal contact of the trial court with the litigants and the witnesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption we accord its decrees. Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772; Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561.

The order of the trial court here allows the little girl to visit with the people she lived with for eight years, two days every other weekend, or 52 days out of the 365 days of each year. At her age, her ties with her grandparents are close and we cannot say that the trial court erred in fixing the visitation rights in paragraph 2 of the decree.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.