224 So.2d 616

**Thomas Lester DUNAWAY, Administrator, etc.**

v.

**Howard D. BODILLY, Jr.**

5 Div. 853.

Supreme Court of Alabama.

June 12, 1969.

Tom Radney, John Dillon, Alexander City, for appellant.

Samford, Torbert & Denson, Opelika, and Charles R. Adair, Jr., Dadeville, for appellee.

PER CURIAM.

Appellant, suing in his fiduciary capacity as administrator of the estate of Robert Earl Dunaway, deceased, sought to recover damages of appellee for negligently killing the intestate Dunaway in a collision between two automobiles, in one of which decedent was riding and defendant in the other. The trial court at the conclusion of the testimony gave the affirmative charge with hypothesis for the defendant. Plaintiff here appeals from the judgment entered in response to the verdict. He says that the trial court committed reversible error in directing the verdict.

Rule 9, Revised Rules of the Supreme Court, effective June 1, 1955 (see Appendix, Title 7, Rules of Practice in the Supreme Court, Recompiled Code 1958; 261 Ala., Preface, p. XXII), provides that appellant's brief shall contain:

"* * * (b) under the heading 'Statement of the Facts,' a condensed recital of the evidence in narrative form so as to present the substances clearly and concisely, referring to the pages of the transcript, and if the insufficiency of the evidence to sustain the verdict or finding, in fact or law, is assigned, then the statement shall contain a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely; * * *"

The record contains 101 pages of transcript paper upon which the evidence is recorded. Appellant devotes one and one-half pages of his brief (regulation size) to a narration of the testimony. This narration appears under "Statement of Facts." Appellee contends, and correctly so, that ap-

pellant has failed to comply with Rule 9, *supra*, and that we should not consider the assignment charging error on the part of the trial court in directing a verdict for defendant because of the insufficiency of the evidence. Because of this omission and failure to observe Rule 9, *supra*, we are impelled to omit consideration of appellant's assignment. Trawick v. Pargo, Inc., 277 Ala. 254, 169 So.2d 19; Employers Insurance Company of Alabama v. Watkins Const. Co., 280 Ala. 681, 198 So.2d 258.

It is ordered that the judgment of the trial court be and it is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.