231 So.2d 753

James Robert ATKINSON

v.

Kate Andrews ATKINSON.

6 Div. 38.

Court of Civil Appeals of Alabama.

Feb. 11, 1970.

Phelps & Owens, Tuscaloosa, for appellee.

deGraffenried, deGraffenried & deGraffenried, Tuscaloosa, for appellant.

BRADLEY, Judge.

The appeal of the matter now before this court came about as a result of the granting of a request for modification of a divorce decree.

The appellee here obtained a decree of divorce from the appellant in the Superior Court of Georgia, Atlanta Circuit, in 1966, with custody of the only child of that marriage being given to the appellee. The decree also prescribed the visitation rules to be observed by the appellant.

The Superior Court had authorized the father to visit the child every Saturday or Sunday for four hours with at least 24 hours' notice of the day and time.

After the complaint seeking modification of the decree of divorce was filed in the Tuscaloosa Circuit Court, there was an ex parte request for a cessation of visitation privileges pending a hearing on the request for modification. This was granted.

The appellant then filed a motion to dismiss the complaint, which was denied. He thereupon filed an answer to the complaint.

A hearing was held before the court sitting without a jury, at which evidence ore tenus was taken, and, at the conclusion thereof, a decree was rendered modifying the divorce decree to the extent of providing different visitation privileges, i. e., authorizing the father to visit his daugter every other Saturday from 9:30 a. m. to 2:00 p. m. It was also directed that should the father be unable to visit his daughter at the appointed time, he would notify the mother by telegram.

·A rehearing was requested of the court from this ruling, but it was denied.

Notice of appeal to the Supreme Court from the modification decree was then filed with the trial court.

■ There were five assignments of error alleged to have been made in the proceedings below. However, nowhere in appellant's brief does he argue any of the assignments of error; furthermore, there was no effort made by appellant in brief to present "a condensed recital of the evidence given by each witness in narrative form bearing on the points in issue so as to fully present the substance of the testimony of the witness clearly and concisely." Rule 9, Rules of the Supreme Court.

These omissions in the appellant's brief, by themselves, would authorize the affirmance of this appeal. Trawick v. Pargo, Inc., 277 Ala. 254, 169 So.2d 19. However, this court wishes to decide appeals on their merits whenever possible. Hence, we will exercise our discretion and determine if the trial court erred in its judgment.

Appellant's brief appears to raise two main issues—one, that the Tuscaloosa County Circuit Court, sitting in Equity, had no authority to modify a divorce decree rendered by the Superior Court of Georgia, Atlanta Circuit; and, two, that there was insufficient evidence presented to the Alabama Circuit Court to authorize it to modify the original divorce decree so as to prescribe different visitation periods for the father to visit his young daughter.

■ In considering the first issue raised in appellant's brief, it is well to consider what the Supreme Court of the United States had to say in People of State of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133, on a situation similar to the one at bar:

"The custody decree was not irrevocable and unchangeable; the Florida court had the power to modify it at all times. Under Florida law the 'welfare of the child' is the 'chief consideration' in shaping the custody decree or in subsequently modifying or changing it. * * "* * * The result is that custody decrees of Florida courts are ordinarily not res judicata either in Florida or elsewhere, except as to the facts before the court at the time of judgment. * *'"

Alabama adheres to the above rule. In Calkins v. Calkins, 217 Ala. 378, 115 So. 866, the Supreme Court said:

"Courts of equity, in dealing with the custody of minors, give paramount consideration to the welfare of the child, viewed in the light of the conditions and circumstances surrounding at the time, and as a general rule judgments and decrees of this nature are not res judicata as to facts and conditions subsequently arising, and do not preclude the courts of the state in which they are rendered from further inquiry into the subject as between the same parties. * * Such judgment is entitled to no greater

weight than this in the courts of a sister state under the full-faith and credit clause of the Constitution. * * * "

Also in Dodd v. Lovett, 282 Ala. 383, 211 So.2d 799, the Supreme Court said:

" * * * No greater effect need be given a decree of a sister state than is given a decree of this state. * * * "

And, in Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580, it was said:

"In the exercise of the general jurisdiction of courts of equity over the custody of infants, the child becomes in a sense the ward of the court. The decree, final in the sense that while standing it fixes the status of the child, and must be obeyed as a continuing order under penalty of contempt of court, is subject to change by subsequent order. The controlling inquiry throughout is the best interest of the child, his or her interest at the time jurisdiction is properly invoked.

"The custodian has no fixed permanent right. His custody is conditional, liable to be terminated when the court finds occasion so to do. The law writes into the decree the implied provision that the custody so awarded shall continue only to such time as the court shall determine, having in view all interests involved of which the child's welfare is of first moment.

"Accordingly, it has been often declared by this court that the question of the rightful custody of a child is never res adjudicata. * * * "

Georgia also follows the rule that decrees relating to custody of minor children may be modified when evidence is presented showing a substantial change in conditions since the original decree as they pertain to the welfare of the children. Somers v. Beasley, 224 Ga. 127, 160 S.E.2d 402.

[4] It is our opinion then, based on the U. S. Supreme Court's interpretation of the effect of the Full Faith & Credit Clause of the U. S. Constitution and the opinions of the Alabama and Georgia Supreme Courts on the question, that the Circuit Court of Tuscaloosa County had the unquestioned right to consider and decide the question of the modification of a divorce decree rendered in Georgia as it related to the question of visitation privileges on the part of the father due to changed conditions arising since the original divorce decree.

As to the second issue raised by the appellant, we would again cite the Supreme Court in Kewish v. Brothers, 279 Ala. 86, 181 So.2d 900, wherein it said:

"The matter of visitation in custody cases is always subject to the control of the trial judge to be disposed of as he may direct and as occasion arises. White v. White, 247 Ala. 405, 24 So.2d 763.

"Much discretion is left with the trial court in the settlement of visitation rights and lengths of custody in each parent when that custody is divided between the parents. Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772. The same rule applies when the question is between a parent and a grandparent, Parks v. Parks, 275 Ala. 613, 157 So. 2d 212.

"Each case of this kind must be decided on its own peculiar facts and the personalities involved. The personal contact of the trial court with the litigants and the witnesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption we accord its decrees. Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772; Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561."

There was considerable testimony introduced at the hearing by both parties, and the question of visitation and custody was thoroughly aired, and the trial court at the conclusion thereof, exercised its discretion to alter the visitation privileges of the

**432**

.appellant so as to prescribe new ones. We are not prepared to say, after carefully .reading the record, that he abused this discretion.

The decree of the Circuit Court of Tuscaloosa County, Alabama, in Equity, modifying the original divorce decree so as to prescribe new and different visitation periods for the appellant to visit his infant daughter, is affirmed.

Affirmed.