295 So.2d 260

**Ruth E. A. HATTRICK (Newberry)**

v.

**John H. HATTRICK.**

**Civ. 250.**

Court of Civil Appeals of Alabama.

May 8, 1974.

---

Robert H. Brogden, Ozark, for appellant.

No brief for appellee.

WRIGHT, Presiding Judge.

This appeal involves the custody of two minor children.

Appellant, Ruth Hattrick Newberry, and appellee, John H. Hattrick were married in Germany in 1962. A daughter, Petra, was born of this marriage and at the time of the marriage, appellant was the mother of an illegitmate child, Peter B. Bein. His name was changed to Peter B. Hattrick, in accordance with German law, but he was never adopted by appellee.

The parties were divorced upon the complaint of appellee in April, 1972 and the custody of the two children was granted to appellee subject to reasonable visitation rights of appellant. In September, 1972, appellant filed a petition to modify the divorce decree requesting that she be given custody of the children. Oral testimony was taken in open court. The trial judge talked with the children without the presence of counsel and the parties and this conversation was made a part of the record. Final decree was entered denying appellant's petition and this appeal follows.

It is undisputed that while appellee was serving with the Army in Viet Nam, appellant took James Newberry, her present husband, into their home and shared her bedroom with him in the presence of the children. Although it is denied that he moved into the house, it is admitted that he stayed overnight on numerous occasions. They also took several trips together, and on one weekend registered in a motel as Mr. and Mrs. John Hattrick. Upon their departure from the motel Newberry paid the bill by using appellee's credit card and signing appellee's name to it.

The evidence tends to show that, while the appellee was overseas, appellant left the children without adult supervision much of the time. They were observed by the neighbors playing in the street late at night. They were often unfed and their clothes were dirty. Appellee also testified that upon his return he found an illustrated pornographic book among the children's books, which was introduced into evidence,

and other pornographic matter in the house.

Appellee produced several witnesses who testified that he was adequately caring for the children and that they appeared to be happy and well adjusted living with him. Since he received custody he has hired a maid who cleans, washes, cooks the evening meal, and cares for the children until he returns from work. If he has to work late or is otherwise absent from home at night, the maid or her daughter stays with the children.

During their conversation with the judge both children indicated they were happy living with their father but they both stated that they wished to live with their mother.

Appellant contends that the jurisdiction of a court to award custody of children pursuant to a divorce is statutory only and that the Code of Alabama, Title 34, § 35, only permits the court to determine custody of the children of the marriage as between the father and mother. In support of this contention she cites McGraw v. McGraw, 266 Ala. 548, 97 So. 2d 897. That case does not support appellant's contention.

The Alabama Supreme Court has held that courts of equity possess inherent jurisdiction in the matter of child custody and that this jurisdiction exists independent of statute. Any pleading which shows on its face that the welfare of a child residing in the state is sufficient to invoke the jurisdiction of the court. Tcherneshoff v. Tcherneshoff, 283 Ala. 700, 220 So.2d 888; Thomas v. Thomas, 212 Ala. 85, 101 So. 738; Clinkscales v. Clinkscales, 210 Ala. 358, 97 So. 922; Coleman v. Coleman, 198 Ala. 225, 73 So. 473.

Since both of these children were residing within the state, they were within the jurisdiction of the court. The jurisdiction was properly invoked by the allegations in the complaint that appellee was a fit and proper person for the care and custody of the two children and that the appellant was unfit. This jurisdiction was in no way destroyed by the fact that the child, Peter, is an alien and not the natural or adopted child of appellee, since "the State as parens patriae is the supreme guardian of all minors within its jurisdiction." Arnold v. Arnold, 246 Ala. 86, 18 So.2d 730.

Appellant also argues that the trial court erred in not granting her custody against the wishes and desires of the children. Since they were of sufficient age, fourteen and eleven, to make intelligent judgments, their preferences should be accorded some weight. However, their choice is not controlling, as the primary consideration is their best interest and welfare. Stairs v. Stairs, 283 Ala. 263, 215 So.2d 591; Snellings v. Snellings, 272 Ala. 254, 130 So.2d 363.

There is sufficient evidence to support the trial court's finding that appellant is an unfit mother and that appellee is providing adequate care and control of the children. The decree is therefore due to be affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.