310 So.2d 225

**Darlys K. DALE**

v.

**Donald W. DALE.**

**Civ. 379.**

Court of Civil Appeals of Alabama.

Feb. 12, 1975.

Rehearing Denied March 19, 1975.

James M. Dyer, Huntsville, for appellant.

Culver & Miller, Huntsville, for appellee.

BRADLEY, Judge.

This appeal is from a decree of divorce.

The appellant-wife filed her bill of complaint in the Circuit Court of Madison County on December 31, 1970 seeking a divorce from appellee-husband on the ground of cruelty. She subsequently amended her complaint to add the grounds of adultery and incompatibility. The trial court issued an order in response to a request for a pendente lite hearing awarding temporary custody of the children to appellant pending a determination of the cause. On July 24, 1972 appellee filed his answer and a cross-bill. The cross-bill originally averred adultery, but was later amended to include incompatibility.

After trial a decree was rendered divorcing the parties on account of the adultery of the appellant-wife. The court awarded custody of two young boys to the father and gave reasonable visitation rights to the mother, including two weeks each year during the children's summer vacation. During this two week period appellee is required to pay $50 to appellant for the support of the children.

From this decree appellant has appealed to this court and assigned ten grounds of error. However, she argued only four of them in brief, and those assignments not argued are deemed waived. Rule 9, Supreme Court Rules.

By assignment of error three appellant contends that the trial court erred in decreeing that she was an unfit mother and that the best interests of the children would be served best by awarding their custody to the appellee-father.

█ The paramount interest and concern of courts, be they trial or appellate courts, in child custody cases is always what is best for the child or children. Hagler v. Hagler, 50 Ala.App. 266, 278 So.2d 715; Ellison v. Ellison, 48 Ala.App. 80, 261 So.2d 911. And, each case involving child custody must be decided on its own peculiar facts and circumstances. Kewish v. Brothers, 279 Ala. 86, 181 So.2d 900.

█ In deciding what is the best interests of the child, the courts can consider facts relating to the present and future welfare of the child. Pruitt v. Key, 281 Ala. 433, 203 So.2d 450, 30 A.L.R.3d 284. It is also relevant for the court to consider ties of affection resulting from years of association between the child and its custodian. Kewish v. Brothers, *supra*. Another pertinent inquiry is which party was at fault in terminating the marriage relationship. Calhoun v. Calhoun, 278 Ala. 610, 179 So.2d 737. However, the adjudication of adultery on the part of the wife does not, in and of itself, bar her from having custody of the children, but it is a matter for consideration by the court along with all the other facts presented in the case. Mason v. Mason, 276 Ala. 265, 160 So.2d 881.

The evidence in the present case shows that the parties to this proceeding were separated in November 1970. By an interlocutory order the appellant was given temporary custody of their two young sons.

The appellee agreed to pay $50 every week for the support of the children. The record reflects that he paid to appellant about $3,900 as child support from the time of separation up until just before the trial of the cause in the first part of 1973.

The appellant worked for a time as a waitress in a cocktail lounge in Huntsville, Alabama, but for the most of the period that she was in Huntsville after the separation, she was unemployed. She said that she was a licensed cosmetologist in the State of Nebraska but was not so licensed in Alabama.

She and the children lived in small apartments that they shared at various times with other women in order to reduce expenses. They also lived for about six weeks in a motel room in Huntsville. During the sojourn in the motel the children did not attend school. Appellant stated that this was because she was sick part of the time and was unable to afford to send them.

There was conflicting testimony as to the care and feeding of the children during the short period of time they stayed in the motel room. However, appellant stated that she was working and trying to do the best she could on practically no money.

There was evidence that during the period of separation while appellant remained in Huntsville that she was guilty of adultery. She admitted as much from the witness chair. After appellant moved back to Nebraska in April 1972, the evidence reflects only one instance of infidelity.

Shortly after arriving at her mother's home in Wymore, Nebraska, the children were placed in school. And, even though they had gotten behind in their school work, their teachers in Nebraska stated that they had adjusted well to their new surroundings and were making very good progress in their school work. The teachers said that the youngsters had acquired new friends and had been readily accepted into the school community by their peers. The teachers further observed that it would be harmful to these children's welfare to place them in a foreign environment at this stage of their lives. They said that the children were always neat and clean, and appeared to be healthy. The teachers further stated that the appellant would periodically call them to inquire

about the children's standing in school and what she should do to help them solve any school problems they might have encountered.

The appellant, who had been living at her mother's for some time, testified that she was moving to Lincoln, Nebraska where she would be employed as a cosmetologist. The city of Lincoln is about fifty miles from her mother's home, and, while working in Lincoln, she and the children would be living with a sister. The sister is married to a practicing attorney in Lincoln and they have no children. The sister said that she was looking forward to the children being in her home, and would do all she could for their well-being.

The appellee prior to the separation had been a traveling salesman and had been at home with appellant and the children only on the weekends. And, according to appellant, the father did not spend much time with the children when he was at home.

Since the separation the father has seen the children only once, and then for two or three weeks. He testified that he sent the children Christmas gifts but did not believe that they had been received by them.

Appellee stated that he had committed acts of adultery since the separation and prior to the divorce. Shortly after the separation, appellee moved to Richmond, Virginia where he is still residing. About the middle of 1971 appellee started sharing an apartment with a woman to whom he was not married. This woman's two young boys live with them in this two bedroom apartment.

The father and his children have been effectively separated for about five years with little contact with each other during this period of time. The children have been with their mother all of this time and they have been living in Nebraska for about two and a half years. The appellee's parents reside in Beatrice, Nebraska where the children have visited and can visit easily in the future.

Ordinarily a trial court's decree in custody matters will not be disturbed unless there has been plain error committed or manifest injustice resulting therefrom. McGee v. McGee, 284 Ala. 320, 224 So.2d 672. Neither will the trial court's decree be reversed in a custody case unless it be decided that the trial court misapplied the law to the facts. Carter v. Harbin, 279 Ala. 237, 184 So.2d 145.

In the instant case the only real or sufficient evidence relating to appellant's fitness to have custody is that relating to her morals. She was shown to have committed adultery during the period of separation but prior to the divorce, and she admitted such. But by the same token, the evidence clearly shows that appellee admitted living openly with a woman who was not his wife.

To take these children out of one immoral situation and place them in another immoral situation does not serve the best interests of the children. Furthermore, the bulk of the evidence of appellant's immorality, i. e., adultery, occurred right after the separation and while she was still living in Huntsville. There is only one such instance of immorality since she moved to Nebraska, and this was out of the presence of the children.

After carefully considering all of the evidence that would weigh on the question of what is in the best interests of these children, we believe that a change of custody at this time would not serve those interests. Therefore we conclude that the trial court misapplied the law to the facts as they pertain to the custody of the children and thereby committed reversible error.

Appellant says in assignment of error four that the trial court was barred by Title 34, Section 26, Code of Alabama 1940, as Recompiled 1958, from granting a divorce to either of the parties to this proceeding.

Title 34, Section 26, Code of Alabama 1940, as Recompiled 1958, provides in part as follows:

"Cases in which divorces are to be refused:

"No decree can be rendered on the confession of the parties, or either of them; . . . where both parties have committed adultery."

The trial court granted a divorce to the appellee-husband for the adultery of the appellant-wife, and she says that, even though she was guilty of the charge, appellee was also guilty of adultery, and, therefore, no divorce should have been awarded. Title 34, Section 26, Code of Alabama 1940, as Recompiled 1958.

The record shows that not only did appellant testify that she had had sexual relations with other men during the period of separation and prior to the divorce, but it also reflects testimony by witnesses who saw appellant in bed with a man, and men going in her apartment at night and leaving the next morning.

The record is devoid of any evidence corroborating the judicial confession of appellee that he had indulged in sexual relations with other women during the period of separation prior to the divorce.

■ The supreme court in Watson v. Watson, 278 Ala. 425, 178 So.2d 819, held that the rendition of a divorce decree is forbidden when a confession constitutes the only evidence of the alleged cause of a divorce; the confession must be corroborated by substantial evidence tending to prove the charge against the offending spouse. There is no evidence in the record corroborative of appellee's confession; hence no authority for the court to grant a divorce to appellant for appellee's adultery. Consequently the doctrine of recrimination is without application. Smith v. Smith, 268 Ala. 348, 106 So.2d 260.

In assignment of error six appellant says that Title 7, Section 372(1), Code of Ala-

bama 1940, as Recompiled 1958, is unconstitutional and asks this court to so declare. She says that the use of Section 372(1) by the trial court permitted it to consider inadmissible evidence and thereby denied her procedural due process of law.

Appellant, however, did not raise the constitutionality of Section 372(1) until the motion for judgment non obstante verdicto or in the alternative for new trial.

■ There is a rule of long standing that the constitutionality of a statute will not be decided by an Alabama appellate court when the question was not presented to the trial court but was raised for the first time on appeal. Bryce Hospital Credit Union, Inc. v. Warrior Dodge, Inc., 50 Ala. App. 15, 276 So.2d 602, cert. den. 290 Ala. 362, 276 So.2d 607.

■ In the instant case the constitutional issue was raised in the motion for judgment non obstante verdicto or new trial which, of course, is prior to the appeal. Does the raising of the constitutional question at this stage of the proceedings satisfy the rule? The supreme court in Talley v. A & M Const. Co., 284 Ala. 371, 225 So.2d 359, cert. den. 397 U.S. 995, 90 S.Ct. 1133, 25 L.Ed.2d 402, answered that question in the negative when it said:

"An appellant cannot invoke action by a court and have a case tried on certain issues and then later, when dissatisfied with the result, raise an entirely new issue, such as the constitutionality of the statutes under which he was proceeding, *on motion for a new trial.* Board of Education of Choctaw County v. Kennedy, 256 Ala. 478, 55 So.2d 511; O'Bar v. Town of Rainbow City, 269 Ala. 247, 112 So.2d 790." (Emphasis supplied.)

The constitutionality of Section 372(1) not having been presented to the trial court for a ruling as required, precludes a consideration of it by this court.

Appellant contends in assignment of error nine that because of the unreasonable

visitation rights awarded to her, the trial court committed reversible error.

We feel that our decision on the issue of custody obviates any necessity for a discussion of this assignment of error.

For the error committed by the trial court in that aspect of its decree relating to the custody of the two minor children, this case is reversed and a judgment here rendered placing the custody of the two minor children with the appellant-mother. The case is remanded to the trial court for a determination of adequate support for the children and reasonable visitation rights for the appellee-father.

Affirmed in part, reversed in part and rendered, and remanded with directions.

WRIGHT, P. J., and HOLMES, J., concur.