BRADLEY, Judge.
This is a child custody case.
The parties to this proceeding were married in 1974, separated about September 1978, and divorced by decree of the Montgomery County Circuit Court on December 18, 1978. One child was born as a result of the marriage. At the time of the hearing the child, Ashley, was three and a half years old.
Custody of this child was awarded to the mother, the appellee here. The father argues that the trial court erred in awarding child custody to the mother on the ground that she is unfit.
The foremost consideration for a court in a child custody proceeding is the welfare and best interests of the child. Higgins v. Higgins, Ala.Civ.App., 336 So.2d 194 (1976).
In deciding what would be in the best interests of the child, the courts are ever mindful of the proposition that a mother, unless unfit, is the proper custodian of children of tender years rather than the father. Burleson v. Burleson, 269 Ala. 637, 114 So.2d 887 (1959).
In the present case the child was a female, three and a half years old, and had been in the care and custody of the mother all of her life.
At the outset of the marriage the father was in the Navy and was away from home for long periods of time. During these periods the mother stayed with the father’s parents or with her mother, and kept the child with her at all times. After the father was released from the Navy, he was employed in the civil service at Maxwell Air Force Base and was attending a trade school in Montgomery five days a week.
The mother testified that the father was not at home very much and that when he was, he was usually sleeping. This separation, plus a lack of communication, was the motivating factor behind the wife’s effort to obtain a divorce. The wife testified that the long absences from home, lack of communication, and difficult financial circumstances caused her to become very depressed, which led to hospitalization and treatment.
According to' the testimony, the wife has recovered from the depressive state she was in, and is now in a normal emotional condition. Appellee stated that her regained emotional health now permits her to seek gainful employment and to make a home for her daughter.
The evidence is to the effect that appellee never mistreated her child, that she loved her and cared for her as any normal mother would care for her child. Likewise, the evidence shows that the father loved his daughter, worked hard to provide for her, and was solicitous of her welfare.
*333 The trial court awarded custody of the young female child to its mother. In deciding whether the trial court erred in so doing, we are guided by the principle that the award of child custody is addressed to the sound discretion of the trial court and its decision will not be overturned except for abuse of that discretion. Williams v. Williams, 54 Ala.App. 703, 312 So.2d 396 (1975).
After a careful' examination of the record evidence before us, we cannot say that the trial court abused its discretion in awarding custody of the child to its mother.
Appellant next questions the jurisdiction of the trial court to award custody of the child to the mother, inasmuch as the child was not in Montgomery County, Alabama when the divorce petition was filed nor when the custody of the child was awarded to the mother.
The evidence is without dispute that the child was carried from Montgomery, Alabama to Grundy, Virginia by the appellant and maternal grandmother after the mother was placed in the hospital. The father testified that he could not care for the child because his work and schooling took all of his time, and he asked his parents to care for the child temporarily.
On November 13, 1978 the Montgomery County deputy register reported to the court that her recommendation was that the child “remain in the care of the paternal grandparents until such time as the court determines custody.” It was also provided in the report that if the ease had not been concluded in six weeks, visitation of child and mother would be effected either in Montgomery, Alabama or Grundy, Virginia. No order of the circuit court approving the register’s report is set out in the record.
After she was released from the hospital, the mother tried to obtain custody of her child but discovered that the paternal grandparents did not intend to give up the child. On October 18, 1978 the mother filed suit for divorce in Montgomery County, Alabama and asked for custody of her child.
Hearing was held before the court on December 15, 1978 and on December 18, 1978 by final decree the court awarded custody of the child to the mother.
On November 29, 1978 the paternal grandparents filed a petition in the Juvenile and Domestic Relations District Court of the County of Buchanan, Virginia seeking custody of the child. A hearing was set for December 13, 1978. The mother received notice of this hearing on December 14,1978.
The appellant contends that the Montgomery County Circuit Court was without jurisdiction to award custody of the child to the mother because the child was not in Alabama when the custody petition was filed nor when it was ruled on.
The mother replies that the power of a trial court to award the custody of a child is not dependent upon the child’s residence and cites us to the case of McGraw v. McGraw, 266 Ala. 548, 97 So.2d 897 (1957).
In the McGraw case a mother was seeking custody of her nine year old son. The mother alleged that the child was in the custody of the maternal grandmother but did not say where the child resided.
The supreme court said that an equity court having jurisdiction to award a divorce has jurisdiction to award custody of a child of the parties and that Tit. 34, § 35, Code of Alabama 1940 (now § 30-3-1, Code of Alabama 1975) does not make the power of the court to award child custody dependent upon the residence of the child.
Accordingly, in the case sub judice, the fact that the child was in the care of the paternal grandparents in Virginia at the time of the custody decree in Alabama did not affect the power of the Alabama equity court to make the custody award. McGraw v. McGraw, supra.
Appellant’s final contention is that a petition filed by the wife seeking a contempt citation did not meet the requirements of § 30-4-53, Code of Alabama 1975, in that the petition failed to contain an oath or affirmation by the wife.
*334 The error of which appellant complains is not before this court on appeal. Contempt proceedings are reviewed by cer-tiorari if the contemnor is out of jail or by writ of habeas corpus if contemnor is incarcerated. Appeal is not the accepted procedure for reviewing contempt proceedings. Smith v. Smith, Ala.Civ.App., 365 So.2d 88 (1978).
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.