WRIGHT, Presiding Judge.
This is an appeal from the dismissal of a suit by John and Nancy Murphy seeking to gain visitation rights to their two minor grandchildren in the custody of their mother, Mary Murphy Bronstein, and adoptive father, Alvin C. Bronstein.
The complaint alleges the Murphys are the paternal grandparents of the children and acknowledges the children have been legally adopted by their stepfather. The complaint also alleges the children spent much time in the Murphys’ home prior to the divorce of their son and Mrs. Bronstein.
The Bronsteins moved to dismiss. The parties agreed that the motion be treated as one for summary judgment under Rule 56 of the Alabama Rules of Civil Procedure. After hearing the court found as a matter of law it did not have discretion to hear the case because the adoption by the stepfather severed any rights of the paternal grandparents. It is from this judgment that the Murphys appeal.
The main issue on appeal is whether the trial court has discretion in a domestic relations case to hear a request by the paternal grandparents for visitation “rights” to their grandchildren when the natural mother has subsequently remarried, and the natural father has consented to the stepfather’s adoption of such children.
Courts have jurisdiction over custody of children independent of § 30-3-1, Code of Alabama 1975, which grants jurisdiction to the court to decide custody and visitation of children upon the grant of divorce; the paramount question always being what serves the best interest of the children. Clinkscales v. Clinkscales, 210 Ala. 358, 97 So. 922 (1923); Coleman v. Coleman, 198 Ala. 225, 73 So. 473 (1916). Any pleading which shows upon its face that the welfare of a child requires an order with respect to its custody or support is sufficient to invoke jurisdiction. Tcherneshoff v. Tcherneshoff, 283 Ala. 700, 220 So.2d 888 (1969); Hattrick v. Hattrick, 52 Ala.App. 539, 295 So.2d 260 (1974).
The Bronsteins cite § 26-10-5(b), Code 1975, for the proposition that upon entry of final order of adoption, that not only the natural parent’s (or parents’) legal relationship with respect to the child ceases, but that the grandparents’ legal relationship also ceases since it is a derivative of the parents’. Furthermore, they cite several cases from other states which hold the legal effect of adoption was either to end all legal relationship with the children or to make the children legal strangers to the bloodline of their natural father. Our courts have not adopted such principle in matters such as the present case. The authority of our circuit court to hear matters which may involve the welfare of children, particularly those already under its protection, is not limited to so-called legal or bloodline relationships. Our courts are always open to consider any matter which may affect the welfare or best interest of a child. Of course, legal relationships, whether natural or established by law, are of primary consideration in any case. However they are not preemptive. The paramount consideration is the welfare of the child, and all other rules pertaining to child custody are subservient to this main principle. Parks v. Parks, 275 Ala. 613, 157 So.2d 212 (1963). Section 30-3-3, Code of Alabama (1982 Supp.) specifically allows the court in its discretion to award visitation rights to the grandparents.
Section 43-4-3, Code 1975 states:
“Nothing in this chapter shall be construed as debarring a legally adopted person from inheriting property from his natural parents or other kin.”
*780 These acts of our legislature appear to recognize that there may be more than a mere legal attachment between child and grandparent. Even an adoption does not necessarily remove such attachment. A grandparent has never had a “legal” right either to custody or visitation so far as we are able to discover. However, ties of affection derived from blood or association, or both, have been recognized by our courts as elements for consideration in determining custody or rights of visitation. Kewish v. Brothers, 279 Ala. 86, 181 So.2d 900 (1966).
In determining other factors relevant to the custody question we would direct the trial court and counsel’s attention to An-not., 90 A.L.R.3d 222 (1979), especially those Alabama cases cited therein dealing with this matter: i.e., Brock v. Brock, 281 Ala. 525, 205 So.2d 903 (1968); Futral v. Henry, 45 Ala.App. 214, 228 So.2d 827 (1969).
We therefore reverse and remand this case with directions to the trial court to hear the merits of the grandparents’ petition and determine from the facts if such visitation is in the best interest of the children.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY, J., concurs.
HOLMES, J., concurs specially.