132 So.2d 734

**Myrtle Irene DANFORD**

v.

**Bailey DUPREE.**

4 Div. 37.

Supreme Court of Alabama.

June 29, 1961.

Rehearing Denied Sept. 14, 1961.

Lee & McInish, Dothan, for appellee.

J. Hubert Farmer, Dothan, for appellant.

SIMPSON, Justice.

This is an appeal from a decree rendered by the Houston County Circuit Court in a habeas corpus proceeding instituted by appellant against appellee seeking the custody

of her minor child, James Earl Kelley, born out of wedlock, custody of which appellant had voluntarily reliquished to the appellee when the child was ten and one-half months old. The child is now about three and one-half years of age and petitioner has since married a man who is gainfully employed, who owns a comfortable three bedroom home in the city of Dothan, with modern conveniences, etc., with whom appellant is living.

When the case came on for hearing, and after the testimony of the appellant on cross examination, the following proceedings occurred which resulted in this appeal:

"The Court: The Court will shorten this case with this observation, that when this petitioner comes into this Court in an endeavor to get the custody of the child which admittedly is her child, which she had given away after it had reached the age of ten and one-half months, that it is inconceivable to the Court that she would do that, but coming in here now, after swearing one way at one time and then changing her testimony and swearing another, that the man with whom she now lives as his wife, lived with her illicitly and illegally, prior to the time of that marriage, the Court, could not, under any circumstances, say that she would be a fit person to take custody of this child, unless you have ample testimony to prove that the custodians of that child at this time are totally unfit to have it. Now, if you have that I will let you proceed.

"Mr. Farmer [Attorney for appellant]: As I say, it is not my case, if Your Honor please, and I would like to talk to my client and her husband, please.

"The Court: I will let you talk to your client and her husband, but it will be a waste of time, in my judgment, unless you can convince the Court that Mr. Bailey Dupree [ap-pellee] and his wife are totally unfit to have the custody of the child. Under the circumstances that have developed here, the Court is disgusted about the turn of events. * * *

"Mr. Farmer: In view of the statement of the Court a few minutes ago, the plaintiff abides the order of the Court at this time."

No further testimony was taken and the court entered a decree declaring that appellant was not a fit and proper person to have the custody of the minor child, and awarded custody to appellee and his wife. From this decree appellant appeals. Assignments of error argued are to the effect that the trial court concluded the hearing without permitting appellant by her witnesses to adequately present all of the facts pertinent to the issues in the case. We are at the conclusion that the assignments are well taken.

The rules governing in such a case have many times been stated and need little repetition here. While the best interest of an illegitimate child is the important factor, the mother of such child has a superior claim as against the world to its custody if she is fit and proper. Griggs v. Barnes, 262 Ala. 357, 362, 78 So.2d 910, citing with approval In Guardianship of Smith (Howes v. Cohen), Cal., 255 P.2d 761, 762.

True, the parent may forfeit the right to custody of the child by her conduct and the relinquishment of such custody to another and continued acquiescence therein should be, and is, a factor to be considered in determining custody. Blevins v. Underwood, 232 Ala. 100, 166 So. 801.

But no agreement by the parent for the custody of a child is binding on the court, nor is the question of custody ever res judicata. Horton v. Gilmer, 266 Ala. 124, 94 So.2d 393; Jackson v. Farmer, 247 Ala. 298, 24 So.2d 130.

And although the testimony might disclose "one or more acts of each parent,

520

which if considered alone would stamp each of them as an improper person to have the custody of this child, * * * the right of a parent, the mother or the father, to the custody and control of a child must not be concluded by one unbecoming or immoral act". Whitten v. Whitten, 214 Ala. 653, 654, 108 So. 751, 752.

" 'The unfitness which deprives the parent of the right of the custody of a child must be *positive*, and not *merely comparative* or *speculative*, and must be shown by *clear* and *satisfactory* proof, the burden of proof being on the person contesting the parent's right to the custody. * * *' " Esco v. Davidson, 238 Ala. 653, 655, 193 So. 308, 309.

In dealing with such a delicate and difficult question—the welfare of a minor child—due process of law in legal proceedings should be observed. These settled courses of procedure, as established by our law, include due notice, a hearing or opportunity to be heard before a court of competent jurisdiction. Tillman v. Walters, 214 Ala. 71, 108 So. 62.

It seems apparent from the record that the learned trial court failed to give recognition to these governing principles and in effect stopped the proceedings and prejudged the case without having a full hearing. It seems, also, the trial court placed the burden on the appellant to show that appellees were not fit persons to have custody of the child, whereas the burden, as stated in Esco v. Davidson, supra, was on the appellees contesting the parent's right to custody.

So considered, the decree was laid in error.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.