166 So.2d 403

**Elsie H. STATHAM**

**v.**

**Robert E. STATHAM.**

**Ex parte Elsie STATHAM.**

**Ex parte Robert E. STATHAM.**

6 Div. 67, 63, 71.

Supreme Court of Alabama.

June 30, 1964.

Nash, NeSmith & Walker, Oneonta, for appellant.

Jack Martin Bains, Oneonta, for appellee.

SIMPSON, Justice.

This litigation is concerned with the custody of two minor children.

The bill of complaint was filed in the Circuit Court of Blount County, in Equity, by Robert E. Statham (hereinafter referred to as the father) on September 13, 1963, against his wife, Elsie Statham (hereinafter referred to as the mother) alleging that his wife without any cause had separated from him and had taken with her the two minor children born of the marriage—Phillip, age five at the time the bill was filed, and Ricky, age two and one-half. The father sought custody of the two minor children then residing with their mother, the respondent.

The cause was set by the court for a hearing on October 7, 1963, and the respondent was duly served. She filed a demurrer to the bill and filed a cross-bill seeking a divorce from the complainant and seeking custody of the children.

On December 11, 1963, a hearing was held in the Circuit Court of Blount County at which time the mother withdrew her prayer for divorce, alleging that no grounds for divorce existed between the parties. After the hearing on December 11th, the trial court rendered a decree on December 16th, as follows:

"This case is submitted after an oral hearing regarding the custody of the minor children of the parties. It was heard on the original complaint filed by complaint [sic] on September 13, 1963 and on a petition filed by respondent on November 11, 1963. A previous cross-bill filed by respondent was dismissed in open Court.

"Each of the parties hereto is of good character and reputation. Each appears intelligent and responsible. Each evidently comes from a good family.

"The complainant was born and reared in a rural section of Blount

County. The respondent has lived in Birmingham, the largest city in Alabama, and located in Jefferson County, for many years and her mother still lives there. The complainant's parents are both living near Liberty, Alabama, which is a small unincorporated community in Blount County.

"The complainant wants to live in Blount County near his parents, where he owns some real estate and is engaged in the cattle business. He does work in Birmingham five days a week from 4:00 P.M. to 12:30 A.M.

"The respondent wants to live in Birmingham near her mother. Thus the conflict comes in the choice of a place to live. It is as simple as that. It is complicated as that.

"The parties were living in Blount County, and apparently lived there for several years, until August 15, 1963, when the respondent made an unannounced removal to Birmingham, carrying the children and some personal belongings with her. The respondent, at the hearing gave no reason or excuse for such removal.

"The bill of complaint was filed September 13, 1963 and set for hearing on October 7, 1963. No hearing was held. The parties and their attorneys negotiated a settlement, the details of which were not reduced to writing, and the matter was continued indefinitely. It was re-set, principally because of the petition filed November 11, 1963.

"Two principles of law tend to clash here. The husband has the right to select the domicile or residence. The mother is presumed to be the best choice for custody of children under seven years of age when a decision must be made between the father and mother.

"After a careful consideration of the evidence the Court finds that the complainant has not abused his discretion in the selection of a domicile or residence—especially in view of his testimony that he is willing to move to some place not in the locality of his parents or her mother.

"May the wife, without any reason except a preference to live somewhere else, remove to another place and divest custody of the young children from the father? One reason for giving the father the right to select the place of residence is that he is primarily charged with the duty of support. If the right is taken from him through no fault of his, does the duty of support remain?

"The main question is—what is best for the children? no amount of wrong doing on the part of either parent will relieve the other of his or her obligations to the children.

"The Court is aware of the presumption that small children are presumed to be better situated with the mother than with the father. Some cases even indicate that the mother must be proven morally unfit to relieve her of custody of her children. This is not a divorce proceeding. Apparently neither party wants a divorce or has grounds for a divorce.

"The place for the two children is at their home. The father, complainant here, has the right to select that home as long as he is not unreasonable in his selection. It is not shown that he is or has been unreasonable.

"The Court further finds that the two children, both boys, will be as well off in one home as the other, under the present living arrangements. The Complainant lives with his parents, and the respondent with her mother. Each home appears, from the evidence, to be comfortable and suitable for raising children. In either case, grand-parents will have to assume much of the responsibility. If the children are left with the respondent they live with their mother and grandmother. Nothing handicaps a boy as much as being

raised entirely by women, as far as home-life is concerned. In the judgment of this Court this consideration cancels the benefits a mother could better give her sons, at least under the evidence here.

"However, there is no reason why the present arrangements must continue.

"It is therefore ordered, adjudged and decreed by the Court that the care, custody and control of the minor children, Phillip E. Statham and Ricky L. Statham, be and it hereby is vested jointly and equally with the complainant, Robert Statham, and the respondent, Elsie Statham, subject, however, to the condition that they be kept at the home selected by the father, Robert Statham. That home may not be the home of his parents if the respondent will return and live with him and the children. If she will not live with the complainant it is her duty to show good cause for not so living with him before divesting control of the children from him. * * *

"This is the 16th day of December, 1963."

The appeal is from this decree.

After the above decree was entered, the mother refused to deliver the minor children to the father. A hearing on a petition filed by the father to hold the mother in contempt was set for January 9, 1964, but this court issued a rule nisi staying these proceedings pending a final decision by this court on the first case.

On December 19, 1963, the mother filed a bill for divorce in the Circuit Court of Jefferson County seeking alimony, support and maintenance for the children, and praying that she be awarded permanent custody of the minor children. The father filed a plea in abatement to the jurisdiction of the Jefferson County Court, which was overruled. As a result of proceedings filed in this court by Robert E. Statham these proceedings in

Jefferson County have been stayed pending our decision in 6 Div. 67.

The only question involved in 6 Div. 67 is whether the decree should be affirmed, modified or reversed in an appraisal of the evidence by this court.—Bosarge v. Bosarge, 247 Ala. 667, 26 So.2d 73. The simplicity of the issues however does not define the difficulty which the court experiences in reaching a decision in these cases involving family tragedy.

The overriding consideration is the welfare of the children.—Thomas v. Thomas, 212 Ala. 85, 101 So. 738 (and numerous other cases—Ala.Digest, Husband and Wife, ☞211½; Divorce, ☞298[1]). Being conscious of this, what is best for these children? The trial court found (and there is no evidence to the contrary) that both of these parents are of good character, both enjoy a good reputation in the community in which they live. Both of them obviously love and want the children. Apparently, as the trial court noted, the only source of conflict between them is where they will live.

We are acutely aware of the presumption of law in this state that all things being equal, the mother is presumed to be best fitted to guide and care for children of tender years.—Bosarge v. Bosarge, supra; Long v. Long, 239 Ala. 156, 194 So. 190; Goldman v. Hicks, 241 Ala. 80, 1 So. 2d 18; Blankenship v. Blankenship, 248 Ala. 489, 28 So.2d 409. This is not, however, a conclusive presumption which automatically bestows upon the mother custody of children under the age of seven years. Each case must be determined on its own facts, keeping in mind that at all times the primary consideration is the welfare of the children.

It has been said, too, that the question of who caused the separation is a pertinent inquiry in determining the custodial aspects of family disputes.—Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580. However, the fact that one parent has brought

about the separation does not automatically divest that parent of the custody if the welfare of the children would be best subserved by allowing the "wrong" parent to have custody.—McLellan v. McLellan, 221 Ala. 363, 129 So. 1.

These propositions are noted and these cases cited to illustrate that while we have some broad principles to be considered in these cases, none are hard and fast rules and each case must rest upon the facts peculiar to it.

■ It has been noted that the trial court heard the evidence and saw the witnesses. In a case of this class, perhaps more than in the ordinary case, a strong presumption favors his finding.

■ It appears that the two little boys will be well cared for by the father and they will apparently live in the community where they have been reared until the time they were taken to Birmingham. Perhaps it is best for them at this time of turmoil that they live in familiar surroundings. The trial court obviously thought so, and we can find no compelling reason to substitute our judgment for his, except to the following extent:

His decree fails to specifically provide for the mother's right to visit with the children. We will not modify it, but remand the case to him to have him reframe the decree (after such further evidence [if any] as he feels necessary) to provide for the right of the mother to have the children with her at such times and for as long a time as he thinks would best serve their interests.

As noted at the outset, cases involving family tragedies are among the hardest we have to deal with and we are never satisfied with them. Such is the case here. It seems, however, that there is hope that these parties will be reconciled if they can agree on where they will live. We earnestly hope that such can be achieved, thereby making moot our efforts to arbitrate their differences.

■ In the meantime, we expressly point out (as is so well known) that a decree. awarding custody of children is never subject to a plea of res judicata (Danford v. Dupree, 272 Ala. 517, 132 So.2d 734) and is at all times subject to alteration by virtue of changed conditions.—White v. White, 246 Ala. 507, 21 So.2d 436.

The decree appealed from will be affirmed, but remanded with directions for the purposes set forth herein.

We believe that this decision automatically disposes of 6 Div. 63.

In connection with 6 Div. 71, however, we say this:

■ The plea in abatement should have been sustained. The Circuit Court of Blount County, in Equity, has jurisdiction of these parties and this controversy. It is well established that when two courts have concurrent jurisdiction, that court which first takes cognizance of the cause has the exclusive right to entertain it and exercises such jurisdiction to final determination of the causes, including enforcement of its judgments and decrees.—Department of Pensions and Sec. v. Oswalt, 275 Ala. 63, 152 So.2d 128. The first court acquiring jurisdiction of the same cause of action between the same parties should proceed with it and cannot be deprived of this authority by a subsequent suit in another court of concurrent jurisdiction.—Guy v. Robison, 252 Ala. 99, 39 So.2d 392; Vinyard v. Hayes, 30 Ala.App. 595, 10 S.W.2d 299.

Stated differently, where a court of competent jurisdiction has become possessed of a case, its authority continues, subject only to appellate authority, until the matter is finally and completely disposed of, and no court of concurrent jurisdiction will interfere in the absence of showing that some specific equity exists in favor of the complainant with which the court first taking jurisdiction is without authority to deal.—Jordan v. Jordan, 251 Ala. 620, 38 So.2d 865. And the second court will be prohibited from proceeding with the cause.—

Glazner v. Jenkins, 237 Ala. 262, 186 So. 475.

 The writ of prohibition prayed in 6 Div. 71 is therefore due to be issued.

The decree in 6 Div. 67 is affirmed and the cause remanded to the lower court with directions, the petition in 6 Div. 63 is dismissed and the writ of prohibition prayed for in 6 Div. 71 will be issued.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.