211 So.2d 456

**Robert E. STATHAM**

**v.**

**Elsie H. STATHAM.**

**6 Div. 346.**

Supreme Court of Alabama.

May 23, 1968.

Rehearing Denied June 13, 1968.

Jack Martin Bains, Oneonta, for appellant.

Michael S. Sheier, Birmingham, for appellee.

**PER CURIAM.**

Appellee obtained a divorce (on grounds of voluntary abandonment) from her husband, who is appellant, and also part time custody of two boys born to their union, all pursuant to a final decree of the Circuit Court of Blount County, Alabama, in equity.

The husband here appeals and challenges the pleading (complaint) and also the final decree with respect to the award to the appellant of part time custody of the two children (boys), one of whom was approximately four years of age, and the other approximately seven years of age, when the instant suit was filed on August 20, 1965. The testimony was taken orally before the lower court on or about April 27, 1966.

We here observe that there was a former custody hearing before the same court as here (not the same judge), and a decree rendered awarding custody of the children to the father. The mother took an appeal to this court, which remanded the cause to the circuit court with directions. Statham v. Statham, 276 Ala. 675, 166 So.2d 403. The directions were for the lower court to reframe its decree so as to allow the mother a right to visit the children.

We also observe, the opinion states, and correctly so, that cases involving family tragedies are among the hardest we have to deal with, and that we are never satisfied with them. "It seems, however, that there is hope that these parties will be reconciled if they can agree on where they will live. We earnestly hope that such can be achieved, thereby making moot our efforts to arbitrate their differences."

In the instant case, we will first dispose of assignments of error 1, 2 and 8, which complain that the trial court erred in not striking certain portions of the complaint to which the motion was addressed, or in not granting the motion.

The transcript before us does not show that the trial court entered any decree on the motion. In fact, the assignments are predicated on the failure of the court to grant the motion. The appellant does not contend that the trial court ever ruled in writing on the motion. He says that counsel for appellant and appellee agree that the court made a ruling on the motion.

The omission of the trial court to adjudicate or decree on the motion is not reviewable. Brown v. Andrews, Ala., 206 So.2d 607 [1] (3, 4). There must be a ruling or decree on the motion to invoke a review of this court. Cash v. Usrey, 278 Ala. 313, 178 So.2d 91(2); Fallaw v. Flowers, 274 Ala. 151, 146 So.2d 306(5); 24 Ala.Dig., Appeal & Error, ☜724(1). We cannot consider a matter—not judicially known—which does not appear in the record on appeal. Cash v. Usrey (6), supra.

We are unwilling to review the trial court on matters dehors the record even though counsel for the parties mutually agree in briefs (not in this case) that a ruling or decree was announced in open court by the trial judge. Proper procedure should have been invoked by the parties to get the record amended so as to

include the ruling of the trial court. The appeal record is a permanent memorial as to what happened—not the briefs.

We comment now that the decree of divorce is unchallenged on this appeal. The demurrer here argued pursuant to assignments of error is addressed to that aspect of the original bill of complaint which alleges:

"* * * That said minor children (aforementioned) are in the care, custody and control of the respondent, the father, but he is not a fit and suitable person to whom their care, custody and control should be awarded, but that the complainant, the mother, Elsie H. Statham, is a fit and proper person to whom their care, custody and control should be awarded."

To that aspect of the complaint, appellant argues assignment 3:

"The Trial Court erred in not sustaining the demurrer of the Appellant in regard to that aspect of the bill seeking custody of the minor children because the bill did not allege any changed condition of the children or parties and this Honorable Court as set out in 166 So.2d 403–408 had already judicially determined the custody of the minor children and demurrer #2 of said aspect should have been sustained." Ground 2 of the demurrer, supra, reads as follows:

"For aught that appears, there has been no charge (sic) in the condition or circumstances of the parties since this same case was tried in the Circuit Court of Blount County, Alabama, in case #3016 and affirmed by the Supreme Court and reported in Vol. 166 So.2d 403, which cases are referred to and made a part hereof."

 We have held that independent facts not appearing on the face of the pleading are not grounds for demurrer. Sartain v. Shepherd, 173 Ala. 474, 55 So. 919.

 While this court takes judicial knowledge of its own records, and the circuit court of its records (Lovejoy v. State, 32 Ala.App. 110, 22 So.2d 532(2), cert. den. 247 Ala. 48, 22 So.2d 537; 9 Ala.Dig., Evidence, ☜43(2), p. 61), we do not think the trial court in passing on the demurrer should read such judicially known record into the fact of the complaint so as to show a prior judicial determination of the custody. The argued demurrer to the above aspect was properly overruled. Judicial notice is a matter of evidence, and not pleading. 31 C.J.S. Evidence § 6, p. 822.

 We have held that in a proceeding after a *decree of divorcement*, the party seeking a change of a child's custody must allege and prove some change of conditions or other substantial reason for modification of a prior custodial decree. The former decree is conclusive of the interest of the child and the rights of the parents, so long as the status at the time of the decree remains without material change. Smith v. York, 278 Ala. 508, 179 So.2d 87(5); Casey v. Cobb, 266 Ala. 434, 96 So.2d 753, and cases there cited.

 It was also observed in the Casey v. Cobb case, supra, that courts look with disfavor on oft-repeated harassing litigation over the custody of infants. Decker v. Decker, 176 Ala. 299, 58 So. 195; Sparkman v. Sparkman, 217 Ala. 41, 114 So. 580; Easterling v. Caton, 260 Ala. 543, 71 So.2d 835(5).

 Also, we have repeatedly held that the question of the rightful custody of a child is never res adjudicata. Sparkman v. Sparkman, supra, and cases cited.

 In determining the issue of custody of infant children, the controlling inquiry is the best interest of the child, his or her interest, at the time jurisdiction is properly invoked. Sparkman v. Sparkman, supra (1, 2). Also, in the same case, we observed that a pertinent inquiry is:

"* * * Who was at fault in severing this [the marriage] relation? Who was the most to blame for the separation? This goes not only to the question of parental right in the custody of the child, but to those ideals and qualities making for fitness in the culture and care of the child."

The late and eminent Justice Bouldin, speaking for the court in the *Sparkman* case, supra, said:

"Before passing to the question of the best interest of the child, the prime inquiry, we must take note of the claims of fatherhood and motherhood. These are not to be despised. The joy of companionship and of daily service for one's children are among the sacred rights of parenthood. These relations hold the best there is in life. It is the right of both parents and the right of their child to have all the happiness and blessing that comes of the family relation."

■ But in the instant case there has been a material change of conditions that did not exist when the prior award was made. There was no divorcement of the parties at the time of the preceding custodial award. There, no doubt, was hope in the mind of the trial judge that the parties would effect a reconciliation and go back together. Therefore, it might be said that the assessment of the court was in a sense inducing and temporary. The court, in considering the custody question, along with the application for divorce and the granting of the same, was cognizant that the instant award was of a permanent nature unless a material change of conditions should take place.

■ There is evidence of cruelty practiced by the husband on the person of his wife. The record does not show that this evidence was adduced in the other trial. Certainly, it is brought into focus in the present proceedings as an incident to the charge of abandonment as grounds for divorce. If conditions were made intolerable for appellee, such evidence could be considered by the court as to whether the wife was forced to leave home and thus support her charge of voluntary abandonment on the part of the husband. Bean v. Bean, 273 Ala. 477, 142 So.2d 263(2).

We have held in Carter v. Harbin, 279 Ala. 237, 184 So.2d 145(3), that a former decree of divorce fixing custody of a minor is conclusive of the interest of the child and the rights of the parents, so long as the status at the time of the decree remains without material change or *unless pertinent facts existing, but not disclosed, at the time of the previous decree are brought to light.*

We are inclined, however, not to limit the trial court's inquiry in the instant case to changed conditions required after divorcement. The divorce here granted, with certain intendments emanating therefrom against appellant, might not be narrowly termed as changed conditions in the light of some of our cases. We think that the divorce—after failure of the parties to reunite—is a factor that justified the trial court in reappraising the rights of the parents and the best interest and welfare of the children. We say this even though the record shows, as contended by appellant, there was no change of circumstances between the prior custodial award and the present one.

We will not in the instant case disapprove of the trial court's decree, in the absence of any blight against the character of the mother, that gives the mother longer periods of association with her children and an opportunity for them to receive their mother's love and affection.

Such short period of association, as granted in the prior decree, could result in alienation of mutual love between the mother and her children. Each case of this kind must receive judicial appraisal on facts. The decision should be largely addressed to the discretion of the trial judge who has the advantage of seeing the witnesses, observing their personalities and

sympathies; also, the trial judge here was present in the local atmosphere surrounding the situation.

We do not mean to say, that this court should abdicate its responsibility as a reviewing court, but we do think we should accord the trial court its fair share of sound judgment and reasonable assessment of the rights of the parties and the welfare of the children, unless there is some good and sufficient factual or legal reason for our interference.

In the instant case we decline to interfere and affirm the custodial decree awarding the mother longer periods of custody and visitation of her children.

The decree is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and COLEMAN, HARWOOD and KOHN, JJ., concur.