265 So.2d 145

**Judith A. EVANS, formerly known as Judith A. Spake**

v.

**Cornelius H. WILKES and Aleta D. Wilkes.**

**1 Div. 65.**

Court of Civil Appeals of Alabama.

May 31, 1972.

Rehearing Denied June 28, 1972.

**364**

Matranga, Hess & Sullivan, Mobile, for appellant.

Taylor D. Wilkins, Jr., Bay Minette, for appellees.

HOLMES, Judge.

This is an appeal from a decree rendered by the Circuit Court of Baldwin County, in Equity, in a cause wherein appellant filed a bill of complaint seeking the right to see and visit with her minor children at reasonable times consistent with the welfare of said minor children and the rights of appellees. The Honorable Trial Judge denied such visitation and enjoined appellant from any visitation with said children and awarded permanent custody to appellee.

Able counsel for the appellant states the facts of this case in his brief which facts are adopted in substance by counsel for appellees. These facts reveal the following: The appellant, by a former marriage, gave birth to two children. This marriage was terminated by a divorce in 1964 in the Circuit Court of Escambia County, Alabama, and appellant was awarded the custody of the children. At the time of the divorce in 1964, when the children were four and five years of age, appellant's former husband was incarcerated in the penitentiary and the appellant was supporting herself and her minor children on a meager income. Because of appellant's small income she concluded that she could not properly care for her minor children and requested assistance from Catholic Charities. This request was made in the early part of 1965. In that same year Catholic Charities placed the children in a foster home which was the home of appellees. The children have been with appellees in their home for almost six years. Since that time appellant has not seen her children. Appellant has apparently made some effort to see the children but was unsuccessful in this endeavor. Appellant remarried in 1968 and resides in Mobile, Alabama. She and her present husband rent a home and she does bookkeeping work for her husband's business. Appellant filed her bill of complaint seeking to see and visit with her children and does not seek custody or question the fitness of appellees.

Appellant argues only one assignment of error; to-wit, that the trial court erred, to the prejudice of appellant, in enjoining appellant from any visitation with her minor children. Simply put, under the facts of this case, is the trial court in error for denying the natural mother any visitation with her children?

As the Supreme Court of Alabama has said, cases involving family tragedies are among the hardest to deal with and the court is seldom fully satisfied with the result reached. This is particularly true in this case.

There is no evidence that appellant is unfit, quite the contrary. The record indicates that the appellant has attributes which are admirable and only circumstances prevented her from rearing her children. Further, the record shows the appellees are people of outstanding and admirable qualities. Hence, the obvious dilemma of the trial court and the known dilemma of this court. The testimony from the record reveals the evidence that the best interest of the children would be to keep their home life as it now exists. There is no testimony, expert or otherwise, that there would be no detrimental effect if visitation privileges were granted to appellant at this time.

The overwhelming consideration in cases of this nature is the welfare of the children. Thomas v. Thomas, 212 Ala. 85, 101 So. 738 [and numerous other cases—Alabama Digest, Husband and Wife, ☞211½; Divorce, ☞298(1)]. The trial court heard the evidence, observed the witnesses, and based his decision on these factors in arriving at his determination that the welfare of the children would best be served by denying visitation rights to appellant. The trial court, in its well drawn order, specifically states that its action is taken for the best interest of the children. There is a strong presumption favoring the trial court's findings in cases of this class. See Statham v. Statham, 276 Ala. 675, 166 So.2d 403; Alabama Digest, Appeal and Error, ☞9(31). In view of this presumption favoring the trial court's findings and the primary consideration being the welfare of the children, this court cannot say the trial judge committed reversible error.

In reaching the conclusion that the trial court did not commit reversible error this court is not unaware of Griggs v. Barnes, 257 Ala. 21, 57 So.2d 61, but feels that the *Griggs* case must be read in light of the language contained in Clark v. Holland, 274 Ala. 597, 150 So.2d 702. This court feels that in this case the right of visitation, if granted to the natural mother of the minor children, would not be in the best interest of said children.

It should be pointed out that this court's ruling and the trial court's order is never *res judicata* (Danford v. Dupree, 272 Ala. 517, 132 So.2d 734) and under different circumstances, including but not limited to the ages of the children, the court may later well reach a different conclusion. There being no reversible error argued, this case is affirmed.

Affirmed.

BRADLEY, J., concurs.

WRIGHT, P. J., dissents.