The matter now before this court was initiated when Mr. Quintanilla, the appellant herein, filed a petition in the Circuit Court of Escambia County, Alabama, seeking to modify a decree of the Domestic Relations Court of Dallas County, Texas, divorcing the parties to this suit and granting custody of the parties' minor child, Nelda Denise Quintanilla, to the now Nelda B. George, mother of the child and appellee herein. Mr. Quintanilla sought to modify the former decree by having custody of the child removed from the mother and placed with himself.
On September 10, 1975 the Circuit Court of Escambia County entered a decree granting custody of the child to Mr. Quintanilla. In that decree the court said:
"ORDERED, ADJUDGED, and DECREED as follows:
 "1. The custody of the child of the parties, namely, Nelda Denise Quintanilla, is hereby granted to Dionicio Quintanilla, Jr., and the said Nelda B. George is hereby ordered to deliver Nelda Denise Quintanilla to her father's custody at Dallas, Texas on or before the 15th day of September, 1975, PROVIDED that Dionicio Quintanilla, Jr., prior to that date, shall post a $750.00 cash bond with the Circuit Court of Escambia County, Alabama. If the said Dionicio Quintanilla, Jr. shall fail to return the said Nelda Denise Quintanilla to the State of Alabama as may be ordered in the future to do so by the Circuit Court of Escambia County, Alabama, this bond shall be forfeited.
 "2. It is further ORDERED, ADJUDGED, and DECREED that the matter of the custody of Nelda Denise Quintanilla shall be subject to modification by this court during the minority of said child and this court shall retain the right to entertain a motion to modify this judgment in the future, should the Court be made aware that the Defendant, Nelda B. George, has gotten her private life straightened out and is no longer living in an immoral environment."
On or about December 11, 1975, the appellee filed a petition in the Escambia County Circuit Court seeking a modification of the September 10, 1975 custody decree, alleging that David L. George was divorced by the Circuit Court of Mobile County on September 17, 1975 and that on December 2, 1975 the said David L. George and appellee were married by the Probate Judge of Dallas County, Alabama. Petitioner stated that her private life was straightened out and she was no longer living in an immoral environment and requested that the custody of the child be returned to her.
After a hearing the trial court on May 17, 1976 entered judgment awarding custody of the child to the appellee, finding:
 "4. The court is rendering this decree based on its findings that the plaintiff, Nelda B. George, was legally and lawfully married in Selma, Dallas County, Alabama in accordance with prior instructions of this court for the plaintiff to get her private life straightened out because the court is convinced that the plaintiff has been a good mother and has cared for her child satisfactorily in all respects but at the time of the last hearing in this matter the plaintiff was not lawfully married although she had made every effort to consummate marriage with her present husband, David Lloyd George but was unable to do so because of the difficulties in the long pending divorce and action in Mobile County, Alabama and the court's ruling in the previous case was based on plaintiff's marital status at that time which was technically adultery and the court finds the plaintiff's marriage is stable at the present time. That she enjoys a wholesome and proper homelife and that the plaintiff loves her child and is now able to offer her a moral environment and that it would be in the best interest of the child for the decree of September 10, [1975] to be modified so the care, custody and control of the child is awarded to the plaintiff subject to *Page 806 
rights of visitation and association on the part of Dionicio Quintanilla, Jr. . . ."
The appeal is from this decree.
The evidence in the case shows that the parties to this proceeding were married in 1967 and divorced in Texas in 1971. Custody of the only child of the marriage, a girl named Denise who is now between eight and nine years of age, was awarded to the appellee by agreement. The appellant continued to live in Texas; the appellee moved back to Alabama with Denise and three children by a former marriage.
Denise remained in the appellee's custody until September 10, 1975, when the Escambia County Circuit Court placed custody with the appellant. It appears that at that time appellee was living with David L. George. The evidence is uncertain as to when Mr. George's previous wife commenced divorce proceedings in the Circuit Court of Mobile County, but no decree was awarded in that proceeding until September 1975. The Escambia County Circuit Court gave custody of Denise to the appellant for the sole reason that appellee was living with a man to whom she was not married, apparently concluding that the child was being reared in an immoral environment which was detrimental to her best interests and welfare and that the child would be better off with the father. The court in its decree specifically retained jurisdiction to return primary legal custody to the appellee once the immoral setting was rectified. There was no appeal from this decree.
The facts show that as soon as Mr. George received a divorce from his wife, he and appellee were married. Appellee then informed the court that she was legally married to Mr. George, that her private life was straightened out, that she was no longer living in an immoral environment, and that she wanted primary custody of Denise placed back with her as the court's decree of September 1975 suggested would occur should the named impediment be removed. The Escambia County Circuit Court, upon being informed of this development, found the moral climate enhanced and decreed that the primary custody of the child Denise be returned to appellee in accordance with its previously retained jurisdiction for this specific purpose.
Other evidence before the court showed that both mother and father love this little child and make every effort to provide for her creature comforts, education and welfare. No unfitness of either parent was alluded to in the evidence.
It did appear that for the seven to nine months that the child was with the father, her health improved in that she grew taller, gained weight, and a prior anemic condition was corrected. She adjusted well to her home and school environment in Texas. It should be noted that Denise is of mixed Mexican and American heritage and has a darker skin than most Anglo-Saxons, which, according to the evidence, caused her some problems in her school in Atmore, Alabama while she lived with her mother. Her school in Texas had several Mexican-Americans enrolled and Denise seemed to flourish in that atmosphere, appearing to overcome, to some extent, feelings of being different she experienced in Atmore. The evidence does not reflect, however, that any substantial change in the child's performance in school as between Alabama and Texas occurred.
The record shows that the mother works as a public health nurse during the day and is at home in the evenings and the weekends. She has two older children and a child approximately fifteen months old living with her. The appellant is not married and when not working devotes most of his time to Denise. During the time Denise lived with appellant, they occupied a house along with appellant's mother, father, sister and the sister's seven year old child. Appellant's mother cared for Denise during the day.
The issue presented to this court is whether the trial judge erred to reversal in returning custody of the child to the mother after temporarily placing custody with the father.
We note at the outset that we have an unusual situation before us in that the decree *Page 807 
of September 10, 1975, placing custody with the father, was based upon the trial court's finding that a specific impediment existed to the mother's retention of custody. It was clear from that decree that once the impediment was removed, custody of the child would once again be returned to the mother. Appellee testified that such was her understanding and that she had acted in order to conform with the court's direction.
We do not have occasion to decide whether the trial court had authority to limit its first decree as it did, since the order of September 10, 1975 was not appealed from and cannot be complained of now. However, such a procedure is unusual to say the least, inasmuch as our law is clear that the question of custody is never res judicata. Danford v. Dupree, 272 Ala. 517,132 So.2d 734 (1961); Evans v. Wilkes, 48 Ala. App. 363,265 So.2d 145, cert. den. 288 Ala. 742, 265 So.2d 147 (1972). This court said in Oakes v. Cummings, 47 Ala. App. 327, at 331,253 So.2d 784, at 788 (1971):
 "The court is always open for modification of a prior decree as to the support and custody of a minor child. We know of no way a decree in such cases may be so final as to discharge a parent or foreclose future consideration by the court of matters involving the support, custody and welfare of a minor child of which it has properly assumed jurisdiction if proper petition for such consideration be filed. . . ."
Thus, it was unnecessary for the trial court to have limited its decree as it did.
In deciding whether the trial court erred in modifying its decree of September 10, 1975 by taking custody of the child away from the appellant-father and placing custody back with the mother, we are guided by the principle that where testimony is taken ore tenus, the finding by the trial court has the weight of a jury verdict and will not be disturbed unless plainly and palpably wrong and contrary to the great weight of the evidence. Gould v. Gould, 55 Ala. App. 379, 316 So.2d 210, cert. den. 294 Ala. 757, 316 So.2d 214 (1975). This is so even though the reviewing court might have reached a different conclusion.
We further note that Alabama courts give considerable weight to the presumption that the mother is best fitted to care for children of tender years, Chandler v. Whatley, 238 Ala. 206,189 So. 751 (1939); Williams v. Williams, 54 Ala. App. 703,312 So.2d 396 (1975), but even here the best interest of the child will be the deciding factor for the court, for the fundamental controlling inquiry in a child custody modification proceeding is the welfare and best interest of the child. Talley v. Lott,283 Ala. 499, 218 So.2d 828 (1969); Carter v. Harbin, 279 Ala. 237, 184 So.2d 145 (1966). It is also the case that a custody decree will not be modified unless changed conditions are shown which justify such modification. Pezent v. Nelson, 52 Ala. App. 9, 288 So.2d 792 (1974); Clarke v. Clarke, 47 Ala. App. 558,258 So.2d 902 (1972). Thus, in a proceeding to modify a prior custody decree, the court must apply a two-pronged test: whether it is in the best interest of and welfare of the child to change custody, and whether the party seeking modification has alleged and shown a change in conditions which will justify modification.
After carefully examining and assessing the evidence heard by the trial court, we cannot say it was plainly and palpably wrong in awarding Denise's custody to her mother. The court specifically found it was in the child's best interest to return to the custody of her mother in that appellee "has been a good mother and has cared for her child satisfactorily in all respects." Moreover, the court found that the one impediment to appellee's prior right to custody had been removed in that now appellee is able to offer her child a moral environment. In light of the court's prior decree, we cannot say that appellee failed to meet her burden of showing changed circumstances or that the trial court erred to reversal in placing custody of the child *Page 808 
back with its mother. Hence, the trial court's decree will be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.