BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant was convicted of embezzlement, a felony, and sentenced by the court to four years imprisonment.
He was, without dispute, employed at the time as plant comptroller of C & M Chassis Products, Inc., a corporation. He had limited authority to write checks on the company’s bank account to withdraw funds therefrom in payment of company obligations.
The indictment alleges, inter alia, that defendant “did embezzle or fraudulently convert to his own use * * * bank notes, money, checks, bills, or exchange of or about the amount of $3,820.00 and that value, which * * * had come into his possession by virtue of his office, agency or employment.”
It also appears from the evidence, without dispute, that defendant signed a check, payable to himself, in the sum of $3,820.00, drawn on the bank account of his employer, and used the proceeds for his own personal convenience not related to any company obligation or operation.
Defendant filed a plea of former jeopardy. The substance of this plea was that defendant on a prior occasion, namely, March 8, 1976, was tried and convicted in the circuit court of Montgomery County, on a charge of embezzlement which was the same offense embraced in the instant indictment and was the identical offense and based upon the same matters and transactions as presently charged.
*750 When defendant rested on his plea the court directed the jury to find for the State. Responding thereto, the jury returned a verdict for the State.
It appears from the evidence adduced by the defendant at the trial of his special plea of former jeopardy (no evidence was adduced by the State) that defendant was put on trial on or about March 8, 1976, in Case “No. 14-76”; that the witness (the Deputy District Attorney) had marked five checks as State exhibits, other than one for $5,720.00, and that he talked about these checks to the jury; that defendant was the same person “in all of these cases.” Further, they were all written and cashed by the same person, A. N. Evans.
The record of this evidence on the plea fails to show the nature of the prosecution, what the issues were, and what disposition was made of the case that was tried — whether a conviction, an acquittal, or a mistrial. This particular evidence does not prove the plea. We will not go beyond the evidence on this plea in search of evidence that would support the plea.
This Court does not take judicial knowledge of records in the circuit court. Each court takes judicial knowledge of its own records. Statham v. Statham, 282 Ala. 322, 211 So.2d 456(6). Statements of counsel to the court are not evidence. Blackshear v. State, 33 Ala.App. 576, 36 So.2d 244, cert. denied, 251 Ala. 11, 36 So.2d 250.
We are unwilling to hold, in the light of the record, that the trial court erred in directing the jury to return a verdict for the State.
The evidence on the trial of the indictment, supra, shows that defendant issued at intervals checks payable to himself in large sums, cashed them, and used the money for options on stocks that went down in value, payment of expenses in connection with drunken driving in Ohio with which he was charged, and some for other personal matters; that such had no connection with the plant operation. He contended that he was “borrowing” the money and that he was authorized to make these loans to himself. The checks were removed from the company check-book and no stubs made of such use. This embezzlement follows the usual pattern of “borrowing” with losses that were not repaid. The evidence was ample to support the verdict of the jury. Further delineation is not necessary.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.
BOOKOUT, J., concurring specially.