HOLMES, Judge.
This is an appeal from a judgment refusing to modify a prior child custody decree.
The mother appeals and by able counsel contends the trial court erred in awarding custody of a 2 year old child to the paternal grandmother. We find no reversible error and affirm.
The mother and father were married in June of 1973. A child, Jason, was born of the union in 1974, and the parties were divorced in January of 1975. By an amended agreement which was incorporated in the decree of divorce, custody was awarded to the paternal grandmother. In March of 1976, the mother filed a petition in circuit court seeking custody of her child. In May of 1976, temporary custody of the child was given to the mother and in September of 1976, the final decree of the learned trial judge retained custody in the paternal grandmother and allowed visitation rights to the mother. From this September decree the mother appeals.
Viewing the evidence with the attendant presumption of correctness, we find that since the decree of divorce the mother, who is now 21 years of age, has remarried. However, she had only been married for approximately one week at the time of the hearing. Her husband, who is also 21 years of age, testified he wanted Jason to live with them. Additionally, the mother is now employed and has adequate housing to provide for the child. There was very little, if any, pertinent derogatory testimony regarding the fitness of the mother. In fact, it appears that the mother is making a conscious effort to rehabilitate herself. It is noted, however, that if custody of Jason were awarded to the mother, during the day he would be left with his maternal grandmother. Suffice it to say that the home situation of the maternal grandmother could be viewed as not being conducive to his welfare.
On the other hand, the evidence shows the paternal grandmother to be 43 years old. She is financially secure and does not work. She lives in a good neighborhood *777 where Jason has several playmates. She is a widow, but her daughter lives with her. The daughter works for a physician and plans to study nursing. Jason has his own bedroom. It is important to note that since his birth he has been with the paternal grandmother most of the time. Numerous witnesses testified as to the good character of the paternal grandmother and her love for Jason. These witnesses also stated that he was well adjusted while in the care of the grandmother. In fact, his mother, the appellant, testified favorably regarding the love and care given to Jason by the paternal grandmother.
As this court has previously stated, cases involving family tragedies are among the hardest to deal with and the court is seldom satisfied with the result reached. Evans v. Wilkes, 48 Ala.App. 363, 265 So.2d 145, cert. denied, 288 Ala. 742, 265 So.2d 147 (1972).
In a proceeding to modify a prior custody decree, the trial court applies a two pronged test: whether it is in the best interest of the welfare of the child to change custody, and whether the party seeking modification has alleged and shown a change in conditions which will justify modification. Quintanilla v. George, Ala.Civ.App., 340 So.2d 804, cert. denied Ala., 340 So.2d 808 (1976). Additionally, in this instance the trial court must consider the presumption that the mother is the best fitted to care for children of tender years. Williams v. Williams, 54 Ala.App. 703, 312 So.2d 396 (1975). However, the fundamental controlling inquiry in a child custody proceeding, is the welfare and best interest of the child. Talley v. Lott, 283 Ala. 499, 218 So.2d 828 (1969).
As noted above, the trial court found that the child should remain with the paternal grandmother. There is a strong presumption favoring the trial court’s finding in cases of this nature. 2A Ala. Digest Appeal & Error «=>931(1). Furthermore, the trial court’s finding in this instance has the weight of a jury verdict and will not be disturbed unless plainly and palpably wrong and contrary to the great weight of the evidence. Gould v. Gould, 55 Ala.App. 379, 316 So.2d 210, cert. denied 294 Ala. 757, 316 So.2d 214 (1975). This is so even though the reviewing court might have reached a different conclusion.
Here, after examining the entire transcript of testimony, we cannot say that it was plainly and palpably wrong to allow custody to remain with the paternal grandmother.
It is clear that the child is loved and well cared for by his 43 year old grandmother. Additionally, the child has been with the grandmother practically all of his life.
On the other hand, the young mother has only recently remarried; has only recently obtained steady employment; and has been with the child very little. With these factors in mind, we cannot reverse the trial court.
It should be pointed out that this court’s ruling and the trial court’s order are never res judicata, Danford v. Dupree, 272 Ala. 517, 132 So.2d 734 (1961), and under different circumstances the court may well reach a different conclusion.
In addition to the above, the mother contends that the trial court could not award custody to the paternal grandmother since the paternal grandmother was not a party. Our view of the record clearly shows she was a party and the trial court had the authority to allow custody to remain with the grandmother.
There being no reversible error, the case is affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.